UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 17  P 4: 44

DISTRICT C...
NEW HAVEN, C...

LORI RAYMOND, CARMEN GONZALEZ,
MIGDALIA MENDEZ, KIMBERLY DADE,
MARY PAVLIK, DARRYL PAULDING,
TERRI KEATON, ELMORE SWEET,
JUDITH SHEPAUM, GLORIA GORDON,
KAREN MORIN and DONNA MCMAHON
    Plaintiffs,
        Individually and as representatives
        of all persons similarly situated
    v.

JOHN ROWLAND, Governor of
Connecticut, PATRICIA WILSON-COKER
Commissioner of the Connecticut
Department of Social Services,
In their official capacities,
    Defendants

CIVIL ACTION NO. 303 CV 0118 (MRK)

NOVEMBER 17, 2003

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT GOVERNOR JOHN ROWLAND'S MOTION TO DISMISS

In response to the defendant John Rowland's motion to dismiss, the plaintiffs assert the following. First, plaintiffs argue that the defendant Rowland is not entitled to Eleventh Amendment immunity because he has "some connection" to the challenged action. Second, the plaintiffs argue that they have standing to bring this action against the Governor because he is vested with the supreme executive power of the State and is therefore responsible for establishing the budget priorities of the State, including the Department of Social Services.

Because plaintiffs seek only prospective declaratory and injunctive relief, they argue that the standard to be applied in determining whether Eleventh Amendment

immunity applies to the Governor's actions is whether the Governor was alleged to have played "some role" in regard to the challenged actions. The key case cited by plaintiffs for this proposition is <u>Rolland v. Cellucci</u>, 52 F.Supp. 2d 231, 243 (D. Mass. 1999). In <u>Rolland</u>, the plaintiffs allege in their complaint that the Governor had the responsibility to appoint directors of state agencies, and had the responsibility to seek funds from the legislature. Defendants assert that <u>Roland v. Cellucci</u> was wrongly decided and is not supported by Supreme Court precedent and decisions from other jurisdictions.

The Eleventh Amendment clearly applies, however, notwithstanding that only prospective relief is sought. <u>Ex Parte Young</u>, 209 U.S. 123 (1908), as an exception to the Eleventh Amendment bar, allows prospective injunctive relief to be brought against a government official, in his official capacity, in order to vindicate the supreme law of the land. The purpose of the "stripping fiction" of <u>Ex Parte Young</u>, however, is to ensure that an official, who was "personally involved" in a violation of federal law, conforms his conduct prospectively. In the absence of the requisite personal involvement, the action can only be regarded as being directed against the office itself, rather than as directed against the official's performance of his duties, in violation of the requirements of the Eleventh Amendment. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) was similarly an action for prospective injunctive relief. It was not shown, however, that the defendant government officials were personally responsible for the police misconduct that the lawsuit sought to remedy. In the absence of their involvement in the actions complained of, even only prospective injunctive relief was held to be improper.

It has repeatedly been held that Young does not apply in the absence of conduct by the defendant which constitutes a deprivation of federally protected rights. <u>Okpalobi v.</u>

Foster, 244 F.3d 405 (5th Cir. 2001). The Governor's authority as chief executive officer of the state is insufficient to show the requisite involvement. In Gras v. Stevens, 415 F.Supp. 1148, 1151-52 (S.D.N.Y. 1976), Judge Friendly rejected the claim that the Governor's general duty to "take care that the laws are faithfully executed" was sufficient to overcome the Eleventh Amendment bar, noting that plaintiffs' position "would extend Ex Parte Young beyond anything which the Supreme Court intended or has subsequently held." In accord, Summit Med. Assoc., P.C. v. Pryor, 180 F.3d 1326, 1342 (11th Cir. 1999)(Governor's general duty to enforce laws insufficient to make him a party defendant); Los Angeles Branch NAACP v. Los Angeles Unified School District, 714 F.2d 946, 953 (9th Cir. 1983); see also, Lytle v. Griffith, 240 F.3d 404, 412 (4th Cir. 2001) (Governor's general duty to enforce state law does not establish the requisite connection between him and the unconstitutional acts alleged by the plaintiff. Eleventh Amendment barred suit against Governor).

In the present action, the plaintiffs' Amended Complaint fails to allege any actions whatsoever against the defendant Governor except that he is the Governor and is vested with the supreme executive power of the State. The Amended Complaint is completely silent as to any actions of the defendant Governor regarding the alleged violations of the Americans with Disabilities Act ("ADA") or Section 504 of the Rehabilitation Act. All of the challenged actions are alleged to have been carried out by the defendant Patricia Wilson-Coker as Commissioner of the Department of Social Services. Accordingly, the defendant Governor Rowland is entitled to Eleventh Amendment immunity as the plaintiff has failed to allege that the Governor has a personal stake in the outcome of the litigation.

The plaintiffs further argued that Eleventh Amendment immunity is waived as a condition for accepting federal funds under Section 504 of the Rehabilitation Act. This argument is fatally flawed, in that the federal funds are accepted by the state agency, the Department of Social Services, not by the defendant Governor. Thus, the waiver does not apply to the defendant Governor, thus entitling him to assert Eleventh Amendment immunity.

In addition, the plaintiffs have also failed to demonstrate that there is an Article III case or controversy regarding the defendant Governor Rowland because the plaintiffs have failed to establish that the Governor has a connection to the injury claimed by the plaintiffs. In the plaintiffs' opposition brief, the plaintiffs claim that the Governor has a sufficient connection to the alleged injuries to the class by virtue of his statutory power to request funding from the legislature. However, in Rolland v. Cellucci, the plaintiffs actually pled that the Governor "is responsible for seeking funds from the legislature as well as directing, supervising and controlling the executive departments of state government." 52 F.Supp. at 243. In the present action, the plaintiffs fail to make any allegations against the defendant Governor whatsoever regarding the alleged violations of the ADA and Section 504 of the Rehabilitation Act. Plaintiffs make these arguments in their brief, but fail to allege such facts in their complaint. The Amended Complaint fails to allege any connection between the defendant Governor Rowland and the alleged injury to the plaintiffs.

It should also be pointed out that the plaintiffs' Amended Complaint does not seek injunctive relief in the form of the re-opening of the closed offices, which was the premise of the initial injunction action. The remedy sought is now state-wide, and seeks

to address claims of persons beyond those who were allegedly impacted by the office closures. The plaintiffs allege that the Governor must remain in the case so that injunctive relief, such as "the opening of former offices (now closed)" can be effectively redressed (see Plaintiffs' Opposition Brief, p. 14). However, this is inconsistent with the allegations of violations of ADA and Section 504, all of which have been directed at the Department of Social Services. Similarly, all of the remedies sought by plaintiffs in their Amended Complaint are directed to the Department of Social Services as well: injunctive relief requiring that plaintiffs be provided with the opportunity to partake of the benefits of DSS programs and services that is as effective as the opportunity afforded to non-disabled individuals; order defendants to take appropriate and continuing steps to notify applicants, participants, and others of the nondiscrimination requirements of Title II of the ADA and § 504; adopt and publish a grievance procedure regarding rights provided for in Title II of the ADA and § 504 and inform them of their right to file grievances; and adopt and publish policies and procedures regarding each of the above and to ensure that staff of DSS is adequately trained and supervised regarding such policies and procedures. There is nothing in the plaintiffs' prayer for relief which would require that the Governor be a party to this action in order to redress the remedies sought.

Accordingly, the Complaint fails to establish an Article III case or controversy against the defendant Governor Rowland.

        DEFENDANTS

        JOHN ROWLAND, in his official capacity as Governor of Connecticut, PATRICIA WILSON-COKER, in her capacity as Commissioner of the Connecticut Department of Social Services

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        Richard J. Lynch
        Assistant Attorney General

        */s/ Peter L. Brown*
        Peter L. Brown
        Assistant Attorney General
        Federal Bar No. 12132
        55 Elm Street
        P.O. Box 120
        Hartford, CT 06141-0120
        Hugh.Barber@po.state.ct.us
        Tel.: (860) 808-5210
        Fax.: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Reply was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 17th day of November, 2003, was mailed, first class postage prepaid to:

Shirley Bergert, Esq.
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 258
Willimantic, CT 06226

Lucy Potter, Esq.
Greg Bass, Esq.
Maria Morelli-Wolfe
Connecticut Legal Services, Inc.
999 Asylum Avenue
3rd Floor
Hartford, CT 06105-2465

Joanne G. Gibau, Esq.
New Haven Legal Assistance
426 State Street
New Haven, CT 06510

_____
Peter L. Brown
Assistant Attorney General