UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI RAYMOND, *et al.* <br> Plaintiffs, <br> Individually and as <br> persons similarly situated <br><br> VS. <br><br> JOHN ROWLAND, Governor of Connecticut, PATRICIA WILSON-COKER, Commissioner of the Connecticut Department of Social Services, <br> In their official capacities <br> Defendants | CIVIL ACTION NO. 303 CV 0118 MRK <br><br><br><br><br><br> February 25, 2004 |

## MEMORANDUM IN SUPPORT OF ARIEL LOPEZ'S MOTION TO INTERVENE

### I. INTRODUCTION

Proposed Intervenor, Ariel Lopez, herein files this memorandum in support of his Motion to Intervene, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

### II. STATEMENT OF FACTS

Mr. Lopez is thirty four years old and indigent. He is disabled by a traumatic brain injury. He has had difficulty obtaining and maintaining Medicaid, food stamps, state supplement and payment toward Medicare from Defendants, assistance needed for his medical treatment and his subsistence. Mr. Lopez received Medicaid, Food Stamps, State Supplement and payment of his Medicare coverage through DSS until December 1, 2003. He had to leave his apartment in September, 2003 after there was a fire and may have missed some communication from DSS . The Department of

Social Services (DSS) terminated his benefits in December 2003, without any attempt to reasonably accommodate his disabling conditions by first attempting to inquire into his household circumstances. His subsequent reapplication for benefits, dating from mid-December, 2003 has not been acted on. As a result Defendants have failed to afford him reasonable accommodations, either with respect to the initial termination or the reapplication, needed in order to obtain and maintain these critical DSS administered benefits. At present Intervenor Lopez has an urgent medical need in that he has an abscessed tooth requiring immediate attention and is unable to secure dental treatment without Medicaid coverage.

### III. ARGUMENT

PROPOSED INTERVENOR ARIEL LOPEZ MEETS THE CRITERIA FOR PERMISSIVE INTERVENTION UNDER RULE 24(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Intervenor Lopez, like the other named Plaintiffs in the above-referenced action, is indigent and a qualified disabled person eligible for benefits, programs and services provided by the Connecticut Department of Social Services (DSS). Like the other named Plaintiffs, Intervenor Lopez' disabilities substantially limit his ability to engage in major life activities, as defined under 28 C.F.R.§ 35.104. Intervenor Lopez has cognitive limitations as a result of a traumatic brain injury. He needs assistance in order to travel to the DSS office, attend appointments and effectively communicate either in person or by telephone.

Intervenor Lopez meets the criteria for permissive intervention under Rule 24(b)(2). He presents claims that "have a question of law or fact in common" with "the main action." *Id.* Specifically, Intervenor Lopez presents the following common

questions of law and fact :

(a) whether Defendants' actions or inactions violate the rights of Intervenor Lopez, as a qualified disabled person eligible for DSS benefits, programs and services, under the Americans with Disabilities Act (ADA), 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §701 and §794, and implementing regulations;

(b) whether the Defendants have denied or effectively limited Intervenor Lopez' meaningful access to subsistence benefits administered by DSS;

(c) whether the Defendants have failed to provide Intervenor Lopez with reasonable accommodations he has needed and continues to need in order to obtain and maintain access to essential DSS benefits, programs and services;

(d) whether the Defendants have failed to provide Intervenor Lopez with adequate notice of and information regarding ADA nondiscrimination requirements in the operation of DSS benefits, programs and services pertaining to disabled applicants and recipients of such benefits, programs and services; and

(e) whether the Defendants have failed to afford Intervenor Lopez an opportunity to file grievances and obtain relief, pursuant to the ADA and Section 504 of the Rehabilitation Act, when his rights as a disabled person have been violated by DSS due to the Defendants' failure to adopt, publish, provide notice of, and implement appropriate grievance procedures.

In the absence of relief from this Court, Intervenor Lopez will be unable timely to procure Medicaid coverage which he needs immediately. The defendants must be ordered to reasonably accommodate his disabling conditions, in the form of affirmative,

3

timely assistance in reestablishing his benefits eligibility. He will also suffer continued delays in needed subsistence Food Stamps, State supplement and payments toward Medicare coverage.

Intervenor Lopez is a member of the proposed Plaintiff class. The definition of the proposed Plaintiff class is all individuals with disabilities in Connecticut who are or will be eligible for subsistence benefits through programs administered by DSS, and whose meaningful access to such subsistence benefits, programs and services has been, is being, or will be denied or effectively limited by defendants, due to their continuing failure or refusal to provide reasonable accommodations to those individuals. Any order entered by the Court concerning the Defendants' obligations to accommodate disabled persons will affect Mr. Lopez in the same manner it affects the other named Plaintiffs and the members of the Plaintiff class.

In light of Intervenor Lopez' urgent medical care needs, if intervention is denied, Intervenor Lopez would likely be required to file a separate action to ensure protection of his interests, needlessly burdening the Court with an additional lawsuit. Such a step would be inefficient, and would risk confusion and inconsistent or varying adjudications with respect to the issues now before it.

Under Rule 24(b), Mr. Lopez need not show a complete identity of facts and law in common with the claims of the other parties in this action in order to intervene. Rather, he must show only "a question of law *or* fact in common." [emphasis added]. Mr. Lopez easily meets this standard for permissive intervention. He will be able to serve as an additional named Plaintiff for the litigation, contributing to the Court's understanding of the nature and extent of the Defendants' ongoing failure to provide

4

accommodations to disabled persons who need such accommodation for meaningful access to DSS benefits, programs and services, in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §701 and §794, and implementing regulations.

## IV. CONCLUSION

For the reasons stated above, Intervenor Ariel Lopez respectfully requests that the Court permit him to intervene as a party Plaintiff at this time.

RESPECTFULLY SUBMITTED,

Intervenor, Ariel Lopez

_____
BY: Maria Morelli-Wolfe(ct23174)
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd floor
Hartford, Connecticut 06105-2465
Phone 860.541.5042
Fax: 860.541.5050
E-Mail: mmorelliwolfe@ghla.org
His attorney

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum In Support of Ariel Lopez' Motion to Intevene was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 25th day of February 2004, first class postage prepaid to:

Hugh Barber, Esq.
Peter Brown, Esq.
Richard J. Lynch, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120

BY: Maria Morelli-Wolfe(ct23174)
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd floor
Hartford, Connecticut 06105-2465
Phone 860.541.5042
Fax: 860.541.5050
E-Mail: mmorelliwolfe@ghla.org