UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI RAYMOND, *et al* | : | CIVIL ACTION NO. 303 CV 0118 MRK |
|     Plaintiffs, | : | |
|     Individually and as | : | |
|     persons similarly situated, | : | |
| | : | |
| VS. | : | |
| | : | |
| JOHN ROWLAND, Governor of Connecticut, PATRICIA WILSON-COKER, Commissioner of the Connecticut Department of Social Services, In their official capacities, | : | March 4, 2004 |
|     Defendants. | : | |

## **MOTION TO INTERVENE  ELENA SIERRA**

Intervenor, Elena Sierra, hereby respectfully moves that this Court permit her to intervene as a party Plaintiff pursuant to Fed. R. Civ. P. 24(b), and in support thereof states the following:

1. Elena Sierra is forty five years old and resides in Hartford.

2. Ms. Sierra has Schizoaffective Disorder for which she was hospitalized five times in the year 2003. Beginning with an involuntary commitment on June 9, 2003, she was in the Institute of Living for most of the time between June 9th and October 29th, 2003.

3. Ms. Sierra speaks only Spanish and stopped going to school after the fifth grade. Her schizoaffective disorder makes her confused, disorganized and at times psychotic. This impairs her ability to understand what others say to her and to communicate well in Spanish.

4. She has been prescribed Trazodone, Klonopin, Zoloft and Abilify for her schizoaffective disorder.

5. Ms. Sierra has received SAGA Medical assistance and food stamps from DSS since July 17, 2002. She has applied for Social Security Supplemental Security Income (SSI) and Social Security Disability benefits on the basis of her psychological disability, and is awaiting a hearing.

6. Ms. Sierra asked her DSS case worker some time during the year 2003 whether she could receive cash assistance, and told the worker she had problems with her nerves. The worker told her she could only get medical assistance and food stamps.

7. Before she was released from the Institute of Living in October, 2003, her case manager wrote to DSS explaining that she had schizoaffective disorder and "a great deal of difficulty with medication compliance due to her confusion." The case manager asked DSS to help change her "insurance to one that will cover a visiting nurse," so that Ms. Sierra might have better compliance with her medication. Medicaid covers a visiting nurse but SAGA medical does not.

8. DSS never responded to this letter specifically, nor did any notice issue granting or denying Ms. Sierra Medicaid.

9. Ms. Sierra's medical records suggests that her medical condition satisfies the criteria for eligibility for the the SAGA cash and Medicaid programs. She attempted to reapply for these benefits on February 19, 2004.

10. Intervenor Sierra's claims meet the criteria of Rule 24(b)(2). She presents questions of fact and law in common with the above-referenced action.

11. Intervention by Ms. Sierra will not delay or prejudice the rights of the original parties.

12. Intervenor Sierra's affidavit and complaint are attached hereto.

WHEREFORE, Intervenor, Elena Sierra, respectfully requests that this Court permit her to intervene as a party Plaintiff.

RESPECTFULLY SUBMITTED,
Intervenor, Elena Sierra


_____/s/_____
BY: Lucy Potter(ct23449)
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd floor
Hartford, Connecticut 06105-2465
Phone 860.541.5002
Fax: 860.541.5050
E-Mail:lpotter@ghla.org
Her attorney

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing   Motion to Intervene Elena Sierra was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on March 4th 2004, first class, postage pre- paid to:

Hugh Barber, Esq.
Peter Brown, Esq.
Richard J. Lynch, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120

                                                   _____/s/_____
                                                   Lucy Potter