UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI RAYMOND, *et al.* | : | CIVIL ACTION NO. 303 CV 0118 MRK |
| Plaintiffs, Individually and as persons similarly situated | : : : : | |
| VS. | : : | |
| JOHN ROWLAND, Governor of Connecticut, PATRICIA WILSON-COKER, Commissioner of the Connecticut Department of Social Services, In their official capacities Defendants | : : : : : : : | March 4, 2004 |

### MEMORANDUM IN SUPPORT OF ELENA SIERRA'S MOTION TO INTERVENE

**I. INTRODUCTION**

Proposed Intervenor, Elena Sierra, herein files this memorandum in support of her Motion to Intervene, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.

**II. STATEMENT OF FACTS**

Ms. Sierra is forty five years old and indigent. She is disabled by schizoaffective disorder. She is confused, disorganized and at times psychotic. She has had great difficulty and so far has failed to obtain Medicaid, and SAGA cash assistance from Defendants, assistance needed for her to stabilize her medical condition and meet her basic living expenses. Ms. Sierra receives Food Stamps and SAGA medical assistance through DSS. But, despite her lack of any source of income, and despite a request from

her mental health case manager, DSS has not informed Ms. Sierra of the eligiblity rules of the Medicaid or SAGA cash programs, and has not offered to assist her in applying for these programs, or afforded her the opportunity to apply for these programs. When she inquired about cash assistance in the past, her worker informed her she would not qualify. She recently tried to reapply for Medicaid and Saga cash assistance.

**III. ARGUMENT**

PROPOSED INTERVENOR ELENA SIERRA MEETS THE CRITERIA FOR PERMISSIVE INTERVENTION UNDER RULE 24(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

      Intervenor Sierra, like the other named Plaintiffs in the above-referenced action, is indigent and a qualified disabled person eligible for benefits, programs and services provided by the Connecticut Department of Social Services (DSS). Like the other named Plaintiffs, Intervenor Sierra's disabilities substantially limit her ability to engage in major life activities, as defined under 28 C.F.R.§ 35.104. Intervenor Sierra has serious limitations in her ability to understand and communicate and is easily confused as a result of her schizoaffective disorder. She needs assistance in order to understand program rules, effectively communicate either in person or by telephone and obtain the medical proof of her condition which the defendant requires in order for her to qualify for Medicaid and SAGA cash assistance.

      Intervenor Sierra meets the criteria for permissive intervention under Rule 24(b)(2). She presents claims that "have a question of law or fact in common" with "the main action." *Id.* Specifically, Intervenor Sierra presents the following common questions of law and fact :

(a) whether Defendants' actions or inactions violate the rights of Intervenor Sierra, as a qualified disabled person eligible for DSS benefits, programs and services, under the Americans with Disabilities Act (ADA), 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §701 and §794, and implementing regulations;

(b) whether the Defendants have denied or effectively limited Intervenor Sierra's meaningful access to subsistence benefits administered by DSS;

(c) whether the Defendants have failed to provide Intervenor Sierra with reasonable accommodations she has needed and continues to need in order to obtain and maintain access to essential DSS benefits, programs and services;

(d) whether the Defendants have failed to provide Intervenor Sierra with adequate notice of and information regarding ADA nondiscrimination requirements in the operation of DSS benefits, programs and services pertaining to disabled applicants and recipients of such benefits, programs and services; and

(e) whether the Defendants have failed to afford Intervenor Sierra an opportunity to file grievances and obtain relief, pursuant to the ADA and Section 504 of the Rehabilitation Act, when her rights as a disabled person have been violated by DSS due to the Defendants' failure to adopt, publish, provide notice of, and implement appropriate grievance procedures.

In the absence of relief from this Court, Intervenor Sierra will be unable timely to procure Medicaid coverage and SAGA cash assistance which she needs. The defendants must be ordered to reasonably accommodate her disabling conditions, in the form of affirmative, timely assistance in establishing her eligibility for these benefits.

Intervenor Sierra is a member of the proposed Plaintiff class. The definition of the proposed Plaintiff class is all individuals with disabilities in Connecticut who are or will be eligible for subsistence benefits through programs administered by DSS, and whose meaningful access to such subsistence benefits, programs and services has been, is being, or will be denied or effectively limited by defendants, due to their continuing failure or refusal to provide reasonable accommodations to those individuals. Any order entered by the Court concerning the Defendants' obligations to accommodate disabled persons will affect Ms. Sierra in the same manner it affects the other named Plaintiffs and the members of the Plaintiff class.

In light of Intervenor Sierra's needs for these DSS benefits, if intervention is denied, Intervenor Sierra would likely be required to file a separate action to ensure protection of her interests, needlessly burdening the Court with an additional lawsuit. Such a step would be inefficient, and would risk confusion and inconsistent or varying adjudications with respect to the issues now before it.

Under Rule 24(b), Ms. Sierra need not show a complete identity of facts and law in common with the claims of the other parties in this action in order to intervene. Rather, she must show only "*a* question of law *or* fact in common." [emphasis added]. Ms. Sierra easily meets this standard for permissive intervention. She will be able to serve as an additional named Plaintiff for the litigation, contributing to the Court's understanding of the nature and extent of the Defendants' ongoing failure to provide accommodations to disabled persons who need such accommodation for meaningful access to DSS benefits, programs and services, in violation of the Americans With

Disabilities Act (ADA), 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §701 and §794, and implementing regulations.

## IV. CONCLUSION

For the reasons stated above, Intervenor Elena Sierra respectfully requests that the Court permit her to intervene as a party Plaintiff at this time.

                                                RESPECTFULLY SUBMITTED,

                                                Intervenor, Elena Sierra

                                                ___/s/_____
                                                BY: Lucy Potter(ct23449)
                                                Greater Hartford Legal Aid
                                                999 Asylum Avenue, 3rd floor
                                                Hartford, Connecticut 06105-2465
                                                Phone 860.541.5002
                                                Fax: 860.541.5050
                                                E-Mail:lpotter@ghla.org
                                                Her attorney

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum In Support of Elena Sierra' Motion to Intevene was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 4th day of March 2004, first class postage prepaid to:

Hugh Barber, Esq.
Peter Brown, Esq.
Richard J. Lynch, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120

                                ___/s/_____
                                       Lucy Potter