**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| LORI RAYMOND, CARMEN GONZALEZ,<br>MIGDALIA MENDEZ, KIMBERLY DADE,<br>MARY PAVLIK, DARRYL PAULDING,<br>TERRI KEATON, ELMORE SWEET,<br>JUDITH SHEPAUM, GLORIA GORDON,<br>KAREN MORIN and DONNA MCMAHON<br>    Plaintiffs,<br>    Individually and as representatives<br>    of all persons similarly situated<br>  v.<br><br>JOHN ROWLAND, Governor of<br>Connecticut, PATRICIA WILSON-COKER<br>Commissioner of the Connecticut<br>Department of Social Services,<br>In their official capacities,<br>    Defendants          : | CIVIL ACTION NO. 303 CV 0118 (JBA)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MARCH 5, 2004 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO STRIKE
AMENDED COMPLAINT**

The defendant Patricia Wilson-Coker has moved to strike plaintiffs' Second Amended Complaint. Said Second Amended Complaint was simply filed with the Court. Plaintiffs did not file a motion seeking leave of the court to amend their complaint. Furthermore, this Court has not exercised its discretion and determined whether leave to amend should be granted, and entered an order allowing (or disallowing) the proposed amendment.

In accordance with Rule 15 (a), F.R.C.P., a party may amend his/her pleading "once as a matter of course before a responsive pleading is served." In all other cases, pleadings may be amended "only by leave of court." Id. See also, Nerney v. Valentine & Sons Repair Shop, 66 F. 3rd 25, 28 (2nd Cir. 1995) (leave of court required); Perrian v. O'Grady, 958 F. 2nd 192, 193-194 (7th Cir. 1992) (party must obtain leave to file amended complaint). Plaintiffs have previously amended their complaint (Amended

Complaint filed May 5, 2003, docket # 23) and the defendant has filed a responsive Answer. Accordingly, plaintiffs' Second Amended Complaint should be striken since it was filed without leave of the Court, in violation of the requirements of Rule 15(a).

Plaintiffs apparently are operating under the mistaken belief that this Court granted plaintiffs leave to amend during oral argument on the defendant's motion to dismiss the Governor as a party defendant. This Court did <u>not</u> grant leave to amend at that time, but merely specified a period of time in which a motion to amend the complaint to allege more specific allegations against the Governor would be entertained. This Court, however, did not excuse plaintiffs from complying with the requirement of Rule 15(a) that leave of court be obtained, or preclude the defendants from interposing any objection that they may have to any proposed amendment.

A motion seeking leave of court, with the opportunity for the defendants to interpose objections, is especially necessary in this case because plaintiffs' purported Second Amended Complaint does not merely amend their existing Amended Complaint by making more specific allegations as to the "involvement" of the Governor,[1] but purports to make <u>wholesale</u> amendments <u>substantially</u> <u>enlarging</u> the scope of their entire complaint, by:+

1. redefining the definition of the putative class in paragraph 17 of the proposed Second Amended Complaint in a manner that is different from the definition in paragraph 21 of the existing Amended Complaint; (alleged involvement of Paragraphs 55, 56, 57 constitute new allegations.

2. by alleging in paragraph 19 a. – 19d. new statements of questions of law in fact which are common to the class, which allegations are not made in paragraph 23 of the Amended Complaint (that is the basis for the pending class certification motion);

3. adding new allegations with respect to plaintiffs Lori Raymond (paragraphs 25 and 26), Migdalia Mendez (part of 27, 29, and 30), Kimberly Dade (32), Terri Keaton (part of 35), and Charles Burdine (part of 37), which allegations are not made in the existing Amended Complaint; and

4. making <u>extensive</u> (more than 30) <u>new</u> factual allegations with respect to the system as a whole (paragraphs 58-89), which allegations are completely new and attempt to <u>substantially</u> on the scope of the existing action as plead in the Amended Complaint, when the deadline for completing discovery has already been extended and is rapidly approaching, as extended.

This Court's April 11, 2003 scheduling order set a deadline of April 29, 2003 for amendments to pleadings. Except as noted <u>supra</u> in fn.1, none of the foregoing new allegations relate to the role of the Governor, but apply generally to the programs administered by Social Services. In order to amend their Complaint accordingly, plaintiffs must present good cause for the proposed late amendments and obtain leave of the court to amend. Plaintiffs can't simply stick such far reaching, wholesale, late amendments in a Second Amended Complaint and simply file same acting under the mistaken impression that court approval is not required or has already been obtained.

Accordingly, for all of the foregoing reasons, plaintiffs' purported Second Amended Complaint should be stricken from the docket.

---

[1] Only paragraphs 13, 55, 56, and 57, relate to the Governor. Paragraphs 55, 56 and 57 allege new material.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS

JOHN ROWLAND, GOVERNOR
STATE OF CONNECTICUT

PATRICIA WILSON-COKER
COMMISSIONER
DEPARTMENT OF SOCIAL SERVICES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:   __/s/_____
     Hugh Barber
     Assistant Attorney General
     Federal Bar No.  ct05731
     55 Elm Street
     P.O. Box 120
     Hartford, CT  06141-0120
     Tel: (860) 808-5210
     Fax: (860) 808-5385

# CERTIFICATION

I hereby certify that a copy of the foregoing **Memorandum in Support of Plaintiffs' Second Motion to Strike Amended Complaint** was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 5th day of March , 2004, first class postage prepaid to:

Shirley Bergert, Esq.
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 258
Willimantic, CT 06226

Lucy Potter, Esq.
Greg Bass, Esq.
Connecticut Legal Services, Inc.
999 Asylum Avenue
3rd Floor
Hartford, CT 06105-2465

Sharon Langer, Esq.
Caitlin J. Simon, Esq.
Connecticut Legal Services, Inc.
587 Main Street
New Britain, CT 06051

Nadine Nevins, Esq.
Connecticut Legal Services
211 State Street
Bridgeport, CT 06604

Amy D. Marx, Esq.
Connecticut Legal Services
20 Summer Street
Stamford, CT 06901

Joanne Gibau, Esq.
New Haven Legal Services
426 State Street
New Haven, CT  06510


/s/_____
Hugh Barber
Assistant Attorney General