UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI  RAYMOND, *et al.* | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 303CV0118 (MRK) |
| Individually and on behalf of all | : | |
| other persons similarly situated, | : | March 24, 2004 |
| | : | |
| | : | |
| V. | : | |
| | : | CLASS ACTION |
| JOHN ROWLAND, in his official | : | |
| capacity as Governor of the State of | : | |
| Connecticut, and | : | |
| PATRICIA WILSON-COKER, in her | : | |
| official capacity as Commissioner | : | |
| of the State of Connecticut Department of | : | |
| Social Services, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs submit this Memorandum in Opposition to Defendants' Motion to

Strike Plaintiffs' Second Amended Complaint, which is  dated March 5, 2004.  The

defendants base their motion to strike, not on the grounds allowed by Rule 12(f) of the

Federal Rules of Civil Procedure, but  solely on the ground that plaintiffs filed their

amended pleading without a supporting motion seeking prior leave of the Court pursuant

to Rule 15(a)

Defendants' motion does not take proper account of this Court's bench ruling at

oral argument on January 22, 2004 granting leave to the plaintiffs to amend their

complaint, as demonstrated by the attached portions of the hearing transcript.  In addition,

defendants' motion  is  a baseless elevation of form over substance.  Even assuming that

plaintiffs were obligated to file a motion accompanying their Second Amended

Complaint, defendants have suffered no demonstrable harm whatsoever by this omission.

Finally, defendants' motion to strike should be denied as it does not comply with the legal

standards set forth in Federal Rule of Civil Procedure 12(f).

## STATEMENT OF FACTS

On January 22, 2004, the Court heard oral argument on defendants' motion to

dismiss and plaintiffs' amended motion for class certification.  At this hearing, the Court

ordered, in response to defendants' motion to dismiss, that Governor John Rowland be

dismissed from the action, without prejudice.   During a colloquy with the Court,

plaintiffs also moved verbally for leave to file a second amended complaint in order to

plead new allegations referencing the connection of Governor Rowland to the events

leading to injuries that plaintiffs sought systemic relief for, and to add additional

allegations regarding the systemic breakdown of programs and services at DSS.[1] The

---

[1]

The Court explored the two options before it with regard to the motion to dismiss the
Defendant Governor and the apparent need for plaintiffs to amend their complaint:
dismiss the defendant Governor without prejudice, let the plaintiffs amend the complaint,
and if the allegations were sufficient allow the defendant Governor to be reintroduced as
a party; or hold the motion to dismiss in abeyance pending the plaintiffs' amendments.
The hearing transcript reflects the following:

Mr. Bass: Respectfully, your Honor, we would prefer the first option of allowing
us to amend the complaint to withstand the motion to dismiss, obviously it can be
renewed without prejudice or they can certainly file a summary judgment motion . . . we
would prefer, your Honor, to be allowed, within your Honor's discretion, to amend the
complaint to reflect the allegations.

The Court: I'm going to let you amend the complaint, there's no question about

Court granted plaintiffs leave to file a second amended complaint within 30 days.[2]

**ARGUMENT**

**I.  THE COURT EXPRESSLY GRANTED PLAINTIFFS LEAVE TO FILE A SECOND AMENDED COMPLAINT.**

Following the opportunity for an initial amendment of a complaint "as a matter of course," Rule 15(a) of the Federal Rules of Civil Procedure mandates that  leave of court to amend "shall be freely given when justice so requires."   Motions to the Court may be made verbally during a hearing, rather than in writing.  "An application to the court for an

---

that. Whatever I do today with this motion to dismiss, I'm going to let you amend it, okay? And I'm going to let you amend it to seek to add more allegations regarding the governor.

Transcript, pp. 36 (L16-25) - 37 (L1-6), attached as Exhibit 1.

[2]

The Court: My inclination, therefore, is to grant the motion to dismiss the governor without prejudice to the plaintiffs' right to seek to amend the complaint. I'm going to give you a month from now to in any way you want to amend the complaint, including amending it to bring the governor back in the case with appropriate allegations regarding his connections to the events that are causing the -- that are connected to events that underlie the complaints and that's my ruling on the –hang on for a second. I don't have a number on it. The pleadings I have -- I have the file here, defendant Governor John Rowland's motion to dismiss is docket No. 54, that will be granted without prejudice to the plaintiffs having the right to amend their complaints within one month from today, that is to say February 23rd, 2004, to add the governor back in with appropriate allegations or any other defendant or to add additional allegations to the complaint okay?

Transcript, pp. 39 (L21-25) - 40 (L1-12), attached as Exhibit 1.

The Court: . . . The motion for class certification, I'm to take under advisement and I will rule on that, I'll get to it in a meaningful time period. I will grant this motion for extension of time. The only thing is I'm going to add in there you've got a month to amend your complaint and add additional parties or allegations, Mr. Bass.

Transcript, p. 65 (L17-22).

order shall be by motion which, *unless made during a hearing or trial*, shall be made in writing. . . ." Fed. R. Civ. P. 7(b).  As demonstrated by the extensive colloquy referenced *supra,* the plaintiffs clearly requested permission to file a second amended complaint and the Court ruled directly from the bench, expressly giving plaintiffs leave to file a Second Amended Complaint within thirty (30) days. The Court did not rule that plaintiffs could merely present a motion within 30 days seeking leave to file a Second Amended Complaint.

The defendants attempt to circumvent the Court's order by declaring that leave was granted merely to file a motion seeking amendment of the pleading.   This is clearly belied by the transcript of the proceedings and is a mischaracterization of a clear ruling from this Court.  Accordingly, the Court should deny defendants' motion and allow the filed Second Amended Complaint.

## II. DEFENDANTS HAVE NOT BEEN PREJUDICED BY THE FILING OF PLAINTIFFS' SECOND AMENDED COMPLAINT.

Defendants, through their motion, seek further to dictate the contents of plaintiffs' pleading, and thereby the scope of the lawsuit, which defendants have no legal right to do.  Moreover, defendants' characterization in their memorandum in support of their motion to strike that plaintiffs are attempting to 'make wholesale amendments substantially enlarging the scope of their entire complaint" is simply inaccurate.  A close reading of the Second Amended Complaint reveals that plaintiffs are making no such allegations.

Specifically, defendants take issue with paragraphs, 17, 19a-d, 25, 26, 27, 29, 30, 35, 37, and 58-89. To the extent possible, given the defendants' global arguments ,

4

plaintiffs address each of the paragraphs challenged by defendants below:

¶ 17: Defendants' arguments regarding plaintiffs' revision of the class are now moot in light of the Court's order granting class certification and re-defining the class definition on March 12, 2004;

¶ 19a-19d: Defendants' arguments regarding plaintiffs' revision of the questions of law and fact common to the class are now moot in light of the Court's order granting class certification and re-defining the class definition on March 12, 2004;

¶¶ 25, 26, 27, 29, 30, 35 and 37: Defendants' arguments related to named plaintiffs are without merit. The additional material merely provides an update as to the current status of the named plaintiffs with respect to their receipt of DSS-administered benefits and services. These factual allegations are relevant to this action in that they demonstrate the named plaintiffs' ongoing harm by the actions and inactions of the defendants.[3]

¶¶ 55-57, 61 and 62: These allegations related to the defendant Governor were all referenced in plaintiffs' opposition to defendants' motion to dismiss and in oral

---

[3]

Supplemental pleadings are permissible under Federal Rule Civil Procedure 15(d) in order to 'set[ting] forth transactions or occurrences or events which have happened since the date of the pleading. . . ."

argument on this motion on January 22, 2004.  The Court made it abundantly

clear that should such allegations be made in an amended complaint to be filed by

plaintiffs, that a re-filing of Defendant Governor's motion to dismiss would be

denied.[4]  Defendants have apparently tried to sidestep this directive from the

Court by filing a motion to strike the allegations in lieu of a motion to dismiss.


¶¶ 58-89: Defendants argue that "more than 30 factual allegations" are made

within these paragraphs. Defendants do not identify which specific allegations

---

[4]

Mr. Bass: If we do amend the complaint to once again add the governor as a party
defendant, will the defendant then be allowed leave to proceed once again with a motion
to dismiss?

      The Court: I can't stop them from filing a motion to dismiss. I would say to you,
Mr. Brown, that we went through this colloquy and if they make the allegations that the
governor was, and his staff through OPM played a significant role in the closings and that
the closings were a major part of the cause of the problem that we currently face, or
they've contributed in large measure, whatever adjective you want, I think we all agree
that they meet some connection. I wouldn't expect to see a motion to dismiss in the case.
Do we understand?

      Mr. Brown: I understand.

Transcript, pp.40 (L15-25) - 41 (L1-4), attached as Exhibit 1.


      The Court: ...I take it Mr. Bass that you intend to make those allegations, do you
not?

      Mr. Bass: Yes, we do, your Honor.

      The Court: If he does and I see no reason why he won't, I wouldn't expect to see a
motion to dismiss from you, Mr. Brown, understood?

      Mr. Brown: Understood.

      Mr. Bass: Thank you, your Honor.

Transcript, p. 41(L14-21), attached as Exhibit 1.

they contest. A close comparison reading of the Amended Complaint dated May

5, 2003, and the Second Amended Complaint, demonstrates that plaintiffs have

merely re-organized the format of the complaint, refined their language from the

previous complaint, and bolstered some generic allegations with more specific

information obtained in discovery. Many of the paragraphs of the Second

Amended Complaint (SAC) in question can be easily cross-referenced back to

allegations in the first Amended Complaint of May 5, 2003 (AC).[5]  The

amendments substantially conform to issues raised by the Court during oral

argument on the motions to dismiss and for class certification.[6]  Defendants had

---

[5]

SAC ¶ 58 │ AC ¶ 33(b)
SAC ¶ 59 │ AC ¶ 33(c)
SAC ¶ 65 │ AC ¶ 33e
SAC ¶ 67 │ AC ¶ 33d
SAC ¶ 68 │ AC ¶ 33a
SAC ¶ 69 │ AC ¶ 34
SAC ¶ 70 │ AC ¶ 34
SAC ¶ 71 │ AC ¶ 34
SAC ¶ 74 │ AC ¶ 35
SAC ¶ 77 │ AC ¶ 33(d)
SAC ¶ 78 │ AC ¶ 32
SAC ¶ 79 │ AC ¶ 35
SAC ¶ 80 │ AC ¶ 36
SAC ¶ 81 │ AC ¶ 33d
SAC ¶ 82 │ AC ¶ 36
SAC ¶ 83 │ AC ¶ 38
SAC ¶ 84 │ AC ¶ 37e
SAC ¶ 85 │ AC ¶ 42
(SAC ¶ 86 │ incorporates by reference previous allegations)

[6]

Plaintiffs' Second Amended Complaint generally follows the outline that the Court
proposed, quite specifically, in a hypothetical to defense counsel:

their opportunity to object to these allegations during oral argument. Defendants

further retain the right to file a motion to dismiss, albeit not with regard to the

status of the defendant Governor per the directive of the Court, and to respond to

the amended allegations through an amended answer. Fed. R. Civ. P. 15(a).

The causes of action in the Second Amended Complaint are also very

similar to those in the prior complaint and were simply refined and separated into more

manageable components.  Additionally, references to Section 504 food stamps

regulations were provided.  These regulations substantially parrot the HHS regulations

previously cited in the amended complaint.[7]

---

The Court: . . under my hypothetical he's going to be alleging yes, there are systemic problems in the state and in large part, those were caused by and/or exacerbated by the closings of offices which made it much more difficult to accommodate clients and that difficulty has meant increased case loads for existing offices, et cetera, et cetera, longer distances people have to travel, increase the needs for accommodation and that all began when those offices were required to be closed and the governor and OPM staff played at least a significant if not major role in that.  Assume he were to have allegations along those lines, would you agree that that probably would be enough, at least for the motion to dismiss stage, to satisfy the some connection rule?

Mr. Brown: I think that would, yes, your Honor.

The Court: Kind of where I am on the thing, to tell you the truth.

Transcript, pp. 31 (L14-25) - 32 (L1-4), attached as Exhibit 1.

[7]SAC Claim #1 │ AC Claim #1
SAC Claim #2 │ AC Claim #1
SAC Claim #3 │ AC Claim #2
SAC Claim #4 │ AC Claim #3
SAC Claim #5 │ AC Claim #5
SAC Claim #6 │ AC Claim #5
SAC Claim #7 │ AC Claim #7

8

Certainly, neither the reorganization of the plaintiffs' complaint, nor the addition of evidence obtained through discovery from the defendants, can be considered confusing or prejudicial to defendants. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . In the absence of any apparent or declared reason –such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. . . In determining what constitutes 'prejudice,' we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute. . . . Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993).

In the present action, defendants have failed to allege, much less demonstrate, any prejudice by plaintiffs' amendments. Since defendants have not yet begun any discovery in this matter they cannot now argue that the amendments will somehow hamper their ability to conduct discovery.[8] The defendants have not surrendered any remedies by

---

[8]

The Court: How about you, Mr. Brown, are you taking discovery?

    Mr. Brown: Mr. Barber and I have to discuss that but we intend to, your Honor,

virtue of plaintiffs' filing of an amended pleading.  They still have the ability to file a motion to dismiss, bearing in mind of course, the admonition from the Court regarding contesting the status of the Governor as a party defendant. The defendants must still respond with an answer to the Second Amended Complaint, setting forth any objections or affirmative defenses.  Fed. R. Civ. P. 15(a) .

Defendants have chosen the wrong vehicle for objecting to the filing of the Second Amended Complaint.  A motion to strike is a particularized motion that allows the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are disfavored and will not be granted unless it is clear that the allegations can have no possible bearing on the subject matter In fact, if there is any doubt as to the possibility of relevance, a judge should err on the side of denying a Rule 12(f) motion." Cramer v. Hartford Hospital, 1997 WL 597117 (D.Conn. 1997) (citations omitted, internal quotation marks omitted).  *See also*, Lipsky v. Commonwealth United Corp., 551 F.2d, 887, 83-94 (2d Cir. 1976).  The moving party must also demonstrate prejudice if the allegations are permitted to stand.  *See id.*; Roe v. City of New York, 151 F. Supp.2d 495 (S.D.N.Y. 2001). Rule 12(f) is warranted only in those cases where the pleading "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

---

yes.
      The Court: None on the horizon right now?
      Mr. Brown: We will, at the very least, be deposing the named plaintiffs, your Honor.

Transcript, pp. 38 (L21-25) - 39 (L1-2), attached as Exhibit 1.

well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d. Cir. 1988); <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887 (2d Cir. 1976).  As defendants have not indicated which specific provisions of the Second Amended Complaint they find 'redundant, immaterial, impertinent or scandalous" or how they have been prejudiced by the amendments, defendants have failed to meet the technical requirements of Federal Rule of Civil Procedure 12(f).  Their motion to strike, accordingly, is improper under the Federal Rules and should be denied.

## V.  CONCLUSION

Defendants' motion to strike should be summarily denied because  plaintiffs requested and were expressly granted leave of the Court to file the Second Amended Complaint.  Defendants have failed to allege, much less demonstrate, that they will be prejudiced in any way by the filing of the Second Amended Complaint.  Finally, defendants' motion is the improper vehicle for challenging the Second Amended Complaint as it fails to conform to the technical requirements of Rule 12(f).  For these stated reasons, defendants' motion to strike should be denied.

Respectfully submitted,
Plaintiffs

_____

BY: Greg Bass (ct18114)
Greater Hartford Legal Aid
999 Asylum Ave., 3rd Floor
Hartford, CT 06105-2465
Phone: 860.541.5018
Fax: 860.541.5050
E-Mail: gbass@ghla.org

<u>CERTIFICATION</u>

I hereby certify that the foregoing Plaintiffs' Opposition to Defendants' Motion to

Strike Plaintiffs' Second Amended Complaint  was served in accordance with Rule 5(b)

of the Federal Rules of Civil Procedure on this 24th day of March 2004,  by U.S. mail,

first class, postage pre- paid and addressed to:

Hugh Barber, Esq.
Peter Brown, Esq.
Richard J. Lynch, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120

_____
Greg Bass