UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
APR 13 2 51 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

LORI RAYMOND, ET AL
Plaintiffs,
Individually and as representatives
of all persons similarly situated

CIVIL ACTION NO. 303 CV 0118 (MRK)

v.

JOHN ROWLAND, Governor of
Connecticut, PATRICIA WILSON-COKER
Commissioner of the Connecticut
Department of Social Services,
In their official capacities,
Defendants

APRIL 12, 2004

**DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

The Defendants object to the Plaintiffs' Motion for Leave to File its Second Amended Complaint on the following grounds. First, the motion should be denied on the grounds of undue delay. Second, the defendants are unduly prejudiced by the amendment in that it is not confined to allegations involving the Governor. In addition, the defendants are unduly burdened by the amendment in that the plaintiffs have waited until the close of the period for amending its complaint to file a complaint which substantially broadens the allegations and causes of action against the defendants.

After a responsive pleading has been served, a party must obtain permission from the district court for leave to amend its complaint if the opposing party does not consent to the proposed amendment. Fed. R. Civ. P. 15(a). Although whether to grant leave to amend is entirely within the discretion of the court, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971), under the Rule, a trial court shall grant leave if justice so requires. Fed.

R. Civ. P. 15(a). See also Foman v. Davis, 371 U.S. 178, 182 (1962). District courts may deny leave to amend in the face of undue delay, bad faith, dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment. Foman, 371 U.S. at 182.

The plaintiffs' first complaint was filed with the Court on January 16, 2003. The Court (Arterton, J). issued a scheduling order on April 11, 2003 stating that all amended pleadings were to be filed not later than April 29, 2003. The plaintiffs filed their First Amended Complaint on May 5, 2003. The plaintiffs wait until nearly one year after the Court deadline for the filing of amended pleadings to file their Second Amended Complaint on March 24, 2004. The plaintiffs offer no explanation for this undue delay. The allegations plead by the plaintiffs in their Second Amended Complaint, alleging the continuing and summary failure or refusal of the defendants to enact and effectively implement systemic policies and practices designed to ensure that plaintiffs' rights to reasonable accommodation, could have been made in either the first complaint or the First Amended Complaint. For the plaintiffs to wait until practically 2.5 months before the close of discovery to amend their complaint to include, for the first time, allegations that go well beyond the Rule 23 (b) (2) allegations upon which the Court based its Order certifying the class, is inappropriate delay which should be sufficient grounds for the Court to deny the Motion for Leave to Amend.

Second, it was inappropriate for the plaintiffs to wait until after the Court certified the class to file a proposed amended complaint with allegations and causes of action that go well beyond the class approved by the Court. In the Court's March 12, 2004, the Court certified the following class:

> All disabled individuals who are or will be eligible for subsistence benefits through AABD, TFA, SAGA, Food Stamps, or Medicaid programs, who require

> reasonable accommodation to obtain and maintain essential services and benefits from Defendant DSS, and who have been denied reasonable accommodation through DSS's failure to implement appropriate system-wide procedures and regulations for addressing accommodations, including inter alia, grievance, notice, and recordkeeping procedures.

In contrast to the narrow focus of the Court's Order, the plaintiffs in their proposed Second Amended Complaint seek injunctive relief from the Court that the defendants must "adopt, implement, and monitor, on an on-going basis, statewide, systemic policies and procedures designed to ensure that DSS applicants and recipients with disabilities are routinely provided with appropriate identification or screening as individuals with disabilities requiring reasonable accommodations to meaningfully access DSS administered benefits, programs and services, and are consequently provided with such reasonable accommodation, as needed and appropriate." The allegations that formed the basis of the Court's class certification order address allegations that are applicable to the whole class (notice, grievance procedure, recordkeeping). In contrast, the allegations of the proposed Second Amended Complaint expand the plaintiffs' arguments to now include allegations that are not common to the class, but rather are only susceptible to a person by person analysis. For example, in ¶ 78 of the plaintiffs' proposed Second Amended Complaint, the plaintiffs allege that the defendant Commissioner has failed to ensure "routine, timely and effective screening or identification of applicants or recipients with disabling conditions who might require reasonable accommodations to access and maintain eligibility for DSS benefits, programs and services."

Such allegations would involve a determination as to what was needed for each and every individual classmember to be able to have meaningful access to services, assuming any of these classmembers actually need an accommodation in order to access these services, and have actually requested and been denied such an accommodation. The allegations in the proposed

Second Amended Complaint go well beyond the Rule 23 (b) (2) class wide as defined by the Court in its order and, having been filed after the Court issued its Order, is inappropriate and should be denied.

Third, the defendants would be prejudiced by plaintiffs' proposed Second Amended Complaint in that it goes well beyond the Court's instructions at oral argument on January 22, 2004. Judge Kravitz stated:

> I'm going to let you amend the complaint, there's no question about that. Whatever I do today with this motion to dismiss, I'm going to let you amend it, okay? And I'm going to let you amend it to seek to add more allegations regarding the governor.

Transcript, p. 37.

It is clear that the Court was allowing the plaintiffs to amend the First Amended Complaint to add additional allegations concerning the Governor. It cannot be said that the Court was authorizing the plaintiffs to amend the complaint to add 46 new paragraphs of allegations not involving the Governor, as well as a new cause of action unrelated to any specific allegations against the Governor. Paragraphs 25, 26, 29, 30, 38-53, 58, 59, 60, and 62-85 are all new allegations, many of which involve original classmembers. The first cause of action, entitled "Reasonable Accommodation", has nothing to do with allegations specific to the Governor. However, for the first time, the plaintiffs now allege the following broad-sweeping allegations:

> By closing offices and reducing staff, defendants have exacerbated and perpetuated an ongoing statewide, systemic breakdown of delivery of DSS benefits, services and programs, insofar as they have failed to or refused to implement, maintain or monitor a reliable, statewide system of ensuring that the reasonable accommodation needs of applicants and recipients with disabilities are met, with respect to accessing and maintaining eligibility for those benefits, programs and services, in violation of Title II of the ADA and its implementing regulations.

In contrast, the first cause of action in the First Amended Complaint states:

> In violation of Title II of the ADA and its implementing regulations, Defendants administer DSS public assistance programs in a manner that excludes Plaintiffs from participation in or denies them the benefits of DSS administered public assistance programs and services to which they are otherwise entitled, and subjects them to discrimination.

There is no question but that these allegations could have and should have been made at least a year ago. It is inappropriate for the plaintiffs to wait until approximately 2.5 months before the close of discovery to add several new factual allegations and a new cause of action which not only does not involve the Governor, but more importantly, vastly expands the scope of this lawsuit to allege a systemic breakdown of DSS to provide services to all disabled persons who benefits or services from DSS. This case began as an injunction action which addressed the closure of DSS regional offices and the defendant DSS's obligation to assure that disabled applicants and clients in the affected areas would continue to receive meaningful access to services. The First Amended Complaint deleted its request for injunctive relief with regard to the closed offices but rather alleged that the defendant DSS failed to adopt and publish procedures regarding ADA/ Section 504 grievance procedures; failed to provide applicant/client information regarding their rights under the ADA/Section 504; and that the defendant DSS administered its programs in a manner that excludes plaintiffs from participation in or denied them the benefits of DSS administered programs.

Now, on the eve of the end of discovery, the plaintiffs allege "an ongoing, statewide, systemic breakdown of delivery of DSS benefits, services and programs." Defendants asserts that it would be unduly prejudicial for the plaintiffs to be allowed to amend the very heart of their case with only 2.5 months left on the discovery clock, when the plaintiffs could have and should have made these same allegations when they filed their first amended complaint in May of 2003.

The case law supports the denial of leave to amend under circumstances such as these where there is unexcused delay, the proposed amendment is asserted long after the scheduling deadline, and the proposed amendment would add additional factual and legal issues. Zahra v. Town of Southold, 48 F. 3d 674, 686 (2nd Cir. 1995) (untimely leave to amend denied); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F. 3d 458, 462 (2nd Cir. 1994) (leave to amend denied when sought after court imposed deadline); Creswell v. Sullivan & Cromwell 922 F.2d 60, 72 (2nd Cir. 1990) (same); Ferguson v. Roberts, 11 F. 3d 696, 8706 (7th Cir, 1993) (amendment not allowed where proposed amendment would have prejudiced defendant by adding "new, complex and serious charges"); Harrison v. Rubin, 174 F. 3d 249, 252-53 (D.C. Cir. 1999) (undue delay in basis for denial of leave to amend where proposed amendment would have added new factual and legal claims); Bell v. Allstate Life Ins. Co., 160 F. 3d 452, 454 (8th Cir. 1998) (prejudice found where proposed amendment would add new factual and legal issues); Texaco, Inc. v. Ponsoldt, 939 F. 2nd 794, 798-99 (9th Cir. 1991) (prejudice found from delay and proposal to add new claims, notwithstanding argument that new claims were already "implicit" in existing complaint).

For all the foregoing reasons, the defendants respectfully request that the plaintiffs' Motion for Leave to Amend their Complaint be denied.

        DEFENDANTS

        JOHN ROWLAND, in his official capacity as Governor of Connecticut, PATRICIA WILSON-COKER, in her capacity as Commissioner of the Connecticut Department of Social Services

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        Richard J. Lynch
        Assistant Attorney General

        Peter L. Brown
        Assistant Attorney General
        Federal Bar No. ct12132
        55 Elm Street, P.O. Box 120
        Hartford, CT  06141-0120
        Peter.Brown@po.state.ct.us
        Tel.: (860) 808-5210
        Fax.: (860) 808-5385

**CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum of Law was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 12th day of April, 2004, was mailed, first class postage prepaid to:

Shirley Bergert, Esq.
Connecticut Legal Services, Inc.
872 Main Street
P.O. Box 258
Willimantic, CT 06226

Joanne Gibau, Esq.
New Haven Legal Assistance, Inc.
426 State Street
New Haven, CT 06510

Lucy Potter, Esq.
Greg Bass, Esq.
Maria Morelli-Wolfe, Esq.
Connecticut Legal Services, Inc.
999 Asylum Avenue
3rd Floor
Hartford, CT 06105-2465

Priya Cloutier, Esq.
Connecticut Legal Services
153 Williams Street
New London, CT 06320

Peter L. Brown
Assistant Attorney General