UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI RAYMOND, *et al.*, | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 303CV0118 (MRK) |
|     Individually and on behalf of all | : | |
|     other persons similarly situated, | : | April 21, 2004 |
| | : | |
| V. | : | |
| | : | CLASS ACTION |
| JOHN ROWLAND, in his official | : | |
| capacity as Governor of the State of | : | |
| Connecticut, and | : | |
| PATRICIA WILSON-COKER, in her | : | |
| official capacity as Commissioner | : | |
| of the State of Connecticut Department of | : | |
| Social Services, | : | |
| | : | |
|     Defendants. | : | |

## PLAINTIFFS' REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### INTRODUCTION

Plaintiffs submit this Reply to Defendants' Objection to Plaintiffs' Motion for Leave to File Second Amended Complaint, dated April 12, 2004 (hereinafter "Defendants' Objection"). The defendants essentially request that this Court reverse its bench ruling of January 22, 2004, which they now concede granted plaintiffs leave to amend their complaint. (*See* Defendants' Objection, p. 4, stating, "It is clear that the Court was allowing the plaintiffs to amend the First Amended Complaint to add additional allegations concerning the Governor."). Defendants further contend that, despite the Court's prior ruling, it should now disallow plaintiffs' filing of a Second Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, on

the purported grounds of undue delay and prejudice. (*See* Defendants' Objection, p. 1). These grounds are specious and should be rejected by the Court.

**STATEMENT OF FACTS**

On January 22, 2004, the Court heard oral argument on defendants' motion to dismiss Governor Rowland and plaintiffs' amended motion for class certification. During a colloquy with the Court, plaintiffs also moved verbally for leave to file a second amended complaint in order to refine allegations concerning the connection of Governor Rowland to the events leading to the injuries plaintiffs seek systemic relief for, and to the systemic breakdown of programs and services at DSS. The Court granted plaintiffs leave to file a second amended complaint within 30 days. Defendants raised no objections to leave to amend being granted. (*See* hearing transcript, attached as Exhibit 1, pp. 36 (L16-25) - 37 (L1-6); pp. 39 (L21-25) - 40(L1-12); and p. 65 (L17-22)).

**ARGUMENT**

**I. PLAINTIFFS TIMELY COMPLIED WITH THE RULING OF THE COURT GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT.**

Following the opportunity for an initial amendment of a complaint "as a matter of course," Rule 15(a) of the Federal Rules of Civil Procedure mandates that leave of court to amend "shall be freely given when justice so requires." As demonstrated by the hearing transcript attached to Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, filed March 24, 2004, the Court ruled directly from the bench, expressly giving plaintiffs leave to file a Second Amended Complaint within thirty (30) days. Defendants did not raise undue delay or undue prejudice at oral argument despite being given the

2

opportunity to do so. Defendants have waited until the present Objection to make those arguments. (*See* Defendants' Objection, pp. 2, 4, 6). Both arguments are without merit.

Defendants argue that plaintiffs unduly delayed in filing their Second Amended Complaint. (*See* Defendants' Objection, pp. 2, 6). Plaintiffs filed their Second Amended Complaint in a timely fashion, on February 23, 2004, within the 30-day time period allowed by the Court in its bench ruling on January 22, 2004. Defendants neither requested reconsideration of this Order, nor did they otherwise file any objections to its terms. Defendants' attempt to interpose delay as a ground now for disallowing plaintiffs' amendment of the complaint is both inexplicable and unsupported.[1]

The cases cited by defendants are clearly distinguishable from the case at bar, where the plaintiffs timely responded to the Court's ruling allowing leave to amend. In Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995), the Second Circuit concluded that the trial court did not abuse its discretion in denying "a request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial." *See also* John Hancock Mutual Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994)(trial court did not abuse its discretion in denying the defendant leave to amend its answer to plead a counterclaim four months after a court-imposed deadline); Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)(trial court did not abuse its discretion in denying plaintiffs leave to amend its complaint because the motion to amend occurred "more than 17 months after

---

[1] Plaintiffs filed their March 24, 2004 Motion for Leave to File Second Amended Complaint out of an abundance of caution, since, as previously demonstrated, the Court had already granted leave to amend. The Second Amended Complaint attached to the motion was identical to the one filed on February 23, 2004.

3

bringing suit, more than six months after filing their second amended complaint, [and] more than one month after responding to the motion for summary judgment"); Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). (affirming denial of leave to amend because of undue delay in adding a money damages claim "after discovery was over, just four and half months before the trial date.").

In contrast to the protracted delays caused by plaintiffs in these cases, the instant plaintiffs responded in a timely manner to a deadline imposed by the Court. They have not unduly delayed the filing of their Second Amended Complaint in any fashion.[2]

## II. DEFENDANTS HAVE NOT BEEN PREJUDICED BY THE FILING OF PLAINTIFFS' SECOND AMENDED COMPLAINT.

Defendants erroneously claim that they are prejudiced by the filing of Plaintiffs' Second Amended Complaint. In support of their argument, defendants cite cases which are inapposite to the present case. Although defendants cite the cases for support of the proposition that the addition of new factual allegations per se amounts to undue prejudice for the defendants, a close reading of the cases reveals that the courts were concerned with the combined effect of undue delay and new allegations. In Ferguson v. Roberts, 11 F.3d 696 (7th Cir. 1993), the Court of Appeals upheld the district court's denial of a request to amend because, with a "fast approaching trial date," the plaintiffs sought to add "'new complex and serious charges' which would undoubtedly require additional discovery for the defendants to rebut" and "would prejudice significantly the defendants in their preparation for trial." Id. at 706-07 (also finding

---

[2]Furthermore, delay alone, without an additional showing of prejudice, is insufficient reason to deny leave to amend. See Middle Atlantic Util. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968); Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).

4

prejudice because the amendments were "seemingly dilatory" having been made one month before the close of discovery).  See also Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). (affirming denial of leave to amend because of undue delay in adding a money damages claim "after discovery was over, just four and half months before the trial date."), Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999) (reversing denial of leave to amend complaint where amendment sought to change pertinent legal theory of case from the ADA to the Rehabilitation Act and noting that "this Circuit has recognized *undue delay* as a basis for denying a motion to amend . . . only where plaintiffs sought to add new factual allegations. Where an amendment would do no more than clarify legal theories or make technical corrections, we have consistently held that delay, without a showing of prejudice, is not a sufficient ground for denying the motion" and finding that defendants "in opposing the motion...claimed no prejudice"), Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (stating that "any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment" and affirming denial of motion for leave to amend because the amendments sought to add new factual allegations and legal theories after the discovery deadline, five weeks before trial and would have required additional discovery by the parties and required "an extension of the already expired deadline for motions."). (*See* Defendants' Objection, p. 6).

    As discussed in Section I, supra, there is no undue delay in the present action. Moreover, Defendants fail to specify the nature of the "prejudice" they purport to suffer through the filing of Plaintiffs' Second Amended Complaint.  Any claim that the alleged prejudice is in the nature of unfair surprise is refuted by the fact that the amended pleading does not reflect surprise allegations.  As in Harrison v. Rubin, 174 F.3d at 253, where the amendment sought to "clarify

5

legal theories or make technical corrections," the Second Amended Complaint merely refines the systemic allegations that have been made from the beginning of the action, supports the allegations as to the defendant Governor, and includes updated factual allegations about the named plaintiffs. The updated information regarding each of the named plaintiffs reflects their current status with respect to their receipt of DSS-administered benefits and services. These are not new factual allegations, but merely recitations of the ongoing harms to the plaintiff class caused by the systemic patterns and practices of DSS as to the treatment of persons with disabilities that were alleged in the first complaint. A close reading of the Second Amended Complaint reveals that plaintiffs simply re-organized the format of the complaint, refined their language from the first amended complaint, and bolstered some generic allegations with more specific information obtained in discovery in accordance with the recommendations of this Court at oral argument on the motions to dismiss and for class certification on January 22, 2004. *(See* hearing transcript, pp. 40 (L15-25) - 41 (L1-4); pp. 31 (L14-35) - 32 (L1-4). *See also* discussion in Plaintiffs' Opposition to Defendants' Motion to Strike Plaintiffs' Second Amended Complaint, 3/24/04, pp. 5-8).

Defendants can hardly claim that they have been previously unaware of the alleged systemic violations of the Americans with Disabilities Act that form the fundamental basis of the case at bar. This is completely in keeping with the Court's expressed characterization of plaintiffs' action in its class certification ruling:

> Plaintiffs' definition of the class was refined somewhat at oral argument, where it was made clear that the claim is not focused on persons whose requests for accommodations had been denied by DSS. Rather, the crux of the case is a challenge to an <u>alleged lack of a systemic process</u> for reasonably identifying and accommodating applicants and recipients.

Raymond v. Rowland, 2004 WL 551241, *6 (D. Conn. 2004) (emphasis supplied).

Defendants somehow attempt to infer prejudice by further arguing that it was inappropriate for plaintiffs to file their Second Amended Complaint after this Court certified the plaintiff class. (*See* Defendants' Objection, pp. 2, 3). The February 23, 2004 filing of the amended pleading obviously preceded the March 12, 2004 class certification order from the Court. The Second Amended Complaint attached to the plaintiffs' March 24, 2004 motion was identical in all respects to the previously filed pleading. Plaintiffs' proposed revision of the class definition in the Second Amended Complaint was, of course, superceded by this Court's March 12, 2004 order granting class certification and re-defining the class. *See* Raymond, 2004 WL 551241. The defendants' related attempt to belatedly contest the Court's granting of class certification by arguing, that certain amended allegations "are not common to the class," Defendants' Objection, p. 3, and "go well beyond the Rule 23(b)(2) class wide [sic] as defined by the Court in its order", is similarly misplaced. The Court's class definition, by use of the term "*inter alia,*" expressly does not restrict its reach to only the practices of "grievance, notice, and recordkeeping procedures." *See* Raymond, 2004 WL 551241, at *9. None of the allegations in the Second Amended Complaint contradict or impermissibly expand the class findings or definition ordered by the Court. As the Court stated:

> The Court finds that the question of reasonable accommodations is common to the class as defined here since Plaintiffs are challenging acts and omissions of DSS that are not specific to any particular Plaintiff . . . Cases of this nature, alleging systemic failure of governmental bodies to properly fulfill statutory requirements, have been held to be appropriate for class certification under Rule 23(b)(2) . . . The Court finds that class certification is appropriate here, as the allegations specify conduct by Defendant directed

7

at the class as a whole, and injunctive relief would be appropriate with regard to the class as a whole . . . .

*Id.* at *7, 8. Contrary to defendants' assertion that the amended pleading now impermissibly reflects a predominance of individual factual disputes, Defendants' Objection at p. 3, the crux of the litigation remains on systemic violations and systemic relief.[3] As the Court observed: "The Court emphasizes that the class certified in this order is certified on the basis of the broad, system-wide policies of DSS, as that is what Plaintiffs represented at oral argument." *Id.* at *8.

Defendants are also not prejudiced by the filing of the Second Amended Complaint in their conduct of discovery. They cannot allege that the nature or scope of their discovery has been somehow affected, altered, or compromised because defendants have as yet not begun any form of discovery at all.[4] Moreover, should the defendants choose to conduct discovery, the Court-imposed deadline for the completion of discovery has not yet closed. Finally, defendants have not surrendered their rights or obligations to file a responsive motion or pleading. The deadline for summary judgment motions has not arrived and no trial date has yet been set.

---

[3]As their example of an allegation that impermissibly expands Rule 23 class certification requirements, defendants proffer, Defendants' Objection at p. 3, one phrase from ¶ 78 of the Second Amended Complaint. They omit the prefatory statement of the allegation, which states: "The defendant Commissioner has failed or refused to ensure that DSS has implemented, adopted, maintained, or enforced any effective or adequate statewide policy, protocol, guidance, regulation, process, or procedure designed to ensure . . ." (emphasis supplied). The allegation goes on to reference various systemic violations regarding a lack of procedures designed to ensure that the reasonable accommodation rights of plaintiffs under the Americans with Disabilities Act are met and enforced.

[4]Even if the defendants need to perform additional discovery, " the burden of additional discovery and motions is not a satisfactory basis to deny the motion to amend. Such procedural aspects can be regulated and controlled by the trial court. Middle Atlantic Util. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 386 (2d Cir. 1968).

8

**CONCLUSION**

Defendants have failed to show undue delay or prejudice by the filing of Plaintiffs' Second Amended Complaint. Therefore, their objection should be disallowed.

Respectfully submitted,
Plaintiffs

BY: Joanne Gibau (ct05730)
New Haven Legal Assistance Association
426 State Street
New Haven, CT 06510
Phone: 203.946.4811
Fax: 203.498.9271
E-Mail: jgibau@nhlegal.org

**CERTIFICATION**

I hereby certify that the foregoing Plaintiffs' Reply to Defendants' Objection to Plaintiffs' Motion for Leave to File Second Amended Complaint was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 21st day of April 2004, by U.S. mail, first class, postage pre- paid and addressed to:

Hugh Barber, Esq.
Peter Brown, Esq.
Richard J. Lynch, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm St., P.O. Box 120
Hartford, CT 06141-0120

Joanne Gibau