Plaintiffs' Exhibit 1

transcript of 1-22-04 hrg

Page 1

```
 1                UNITED STATES DISTRICT COURT
 2                  DISTRICT OF CONNECTICUT
 3
    * * * * * * * * * * *Civil Docket
 4                       *    No. 3:03CV118(MRK)
    LORI RAYMOND, ET AL, *
 5           Plaintiffs  *
                         * January 22, 2004
 6        vs.            * 2:40 o'clock p.m.
                         *
 7  JOHN ROWLAND, ET AL, *
             Defendant   *
 8                       *
    * * * * * * * * * * *New Haven, Connecticut
 9                ORAL ARGUMENT
10         BEFORE THE HONORABLE MARK R. KRAVITZ
              UNITED STATES DISTRICT JUDGE
11  Appearances:
    For the Plaintiffs:     GREGORY LEE BASS, ESQ.
12                          Greater Hartford Legal Aid
                            999 Asylum Avenue
13                          Hartford, CT 06105-2465
                            SHIRLEY J. BERGERT, ESQ.
14                          Connecticut Legal Services
                            872 Main Street, PO Box 258
15                          Willimantic, CT 06226

16  For the Defendants:     HUGH BARBER, ESQ.
                            Attorney General's Office
17                          Health & Human Services
                            55 Elm Street, PO Box 120
18                          Hartford, CT 06141-0120
                            PETER L. BROWN, ESQ.
19                          Attorney General's Office
                            55 Elm Street, PO Box 120
20                          Hartford, CT 06141-0120

21  Court Reporter:         Thea Finkelstein RMR, CRR
                            141 Church Street
22                          New Haven, CT 06510
                            (203) 777-3487
23

24  Proceedings recorded by mechanical stenography, transcript
25  produced by computer.
```

Page 2

transcript of 1-22-04 hrg

8   place and that's the crux of our complaint.
9       THE COURT: We'll get to that more in the class
10  action thing but I appreciate your comments and your
11  arguments.
12      Unless you have something more to say, I'm going to
13  go back to Mr. Brown and have him respond to some of the
14  things.
15      MR. BASS: Thank you, your Honor.
16      THE COURT: Mr. Brown.
17      MR. Brown: Yes, your Honor?
18      THE COURT: Assume for the moment that I were to
19  allow Mr. Bass to amend his complaint and assume for the
20  moment that he were to allege that the difficulties that the
21  department is now facing, complying with the ADA and
22  rehabilitation act began when the closings occurred and some
23  staff reductions occurred and that those, the governor and
24  OPM directed or played a large role in directing those
25  closings and staff reductions, period, just that, would you

Page 31

1   agree at that point that he has pled enough -- again, this is
2   a motion to dismiss not a motion for summary judgment -- pled
3   enough to keep the governor in at least for the moment until
4   we find out what the full facts are at the end?  Based on the
5   case law you've cited me, Rizzo against Goode and these other
6   cases.
7       MR. BROWN: Again, your Honor, I think the problem
8   is that the class as it's defined right now really has no
9   relation to the office closure whatsoever.  The injunction
10  action clearly did speak to the problem concerning office

Page 28

transcript of 1-22-04 hrg

11  closures.
12      THE COURT: What I'm saying to you is that he is
13  going to be alleging -- I'm making this up, I realize right
14  now, under my hypothetical he's going to be alleging yes,
15  there are systemic problems in the state and in large part,
16  those were caused by and/or exacerbated by the closings of
17  offices which made it much more difficult to accommodate
18  clients and that difficulty has meant increased case loads
19  for existing offices, et cetera, et cetera, longer distances
20  people have to travel, increase the needs for accommodation
21  and that all began when those offices were required to be
22  closed and the governor and OPM staff played at least a
23  significant if not major role in that. Assume he were to
24  have allegations along those lines, would you agree that that
25  probably would be enough, at least for the motion to dismiss

Page 32

1   stage, to satisfy the some connection rule?
2       MR. BROWN: I think that would, yes, your Honor.
3       THE COURT: Kind of where I am on the thing, to
4   tell you the truth.
5       MR. BROWN: Of course, that's not occurred yet.
6       THE COURT: I know that has not occurred yet. I
7   guess the real question is -- Mr. Bass, I really, when you
8   see a motion like this and you think you can plead to solve
9   the problem, you got to plead, okay? You don't put it in
10  your brief. You really have to say, listen, I can solve this
11  problem, I'll give him the allegations that he wants and here
12  are the allegations and that's enough.

Page 29

transcript of 1-22-04 hrg

13    Are you prepared to make allegations along the
14 lines that I've just described?
15    MR. BASS: Yes, absolutely, your Honor, and again,
16 you are absolutely right, the normal course of events we
17 would have presented an amended complaint before these
18 matters but due to the fact that we are in discovery and
19 doing a string of depositions including the commissioner
20 herself --
21    THE COURT: But that's not the way things work.
22 You don't sue somebody hoping you will find something on it;
23 you sue somebody based on what you know you have and if you
24 have to amend it later on to add additional things, you can
25 do that.

Page 33

1    Mr. Brown is absolutely right that the allegations
2 on the face of that amended complaint really aren't enough
3 but it seems to me silly to dismiss the governor out and have
4 you make a motion to amend the complaint to add him back in
5 with new allegations.
6    We ought to see what the allegations are. You
7 shouldn't have to guess but we ought to see what they can do
8 and if you plead things consistent with your obligations
9 under Rule 11 and the facts that are akin to the kinds of
10 things we are talking about, you are probably going to sneak
11 within the some connection rule. That may not be that he
12 stays in the case forever but it probably would be enough.
13 This complaint doesn't have enough for me to keep him in.
14    MR. BASS: I agree, your Honor.
15    THE COURT: Mr. Brown?

Page 30

transcript of 1-22-04 hrg

21  continue with our settlement discussions and I think we would
22  find it sort of an olive branch, if you will, if the
23  plaintiff could come to the conclusion that the governor's
24  presence in the case is not necessary, so I would like to put
25  that on the record.

1       THE COURT: Let me say this, Mr. Bass, that's
2   another alternative which may be a useful one, which is:  I
3   could grant the motion on the basis of the current amended
4   complaint without prejudice to your seeking to amend the
5   complaint to add any defendant, including the governor, at
6   some subsequent time as long as you do it within, and we set
7   some period of time, whether it's a month or some period of
8   time, and you are free at that point to do that, make the
9   allegations, assuming that you make the kinds of allegations
10  we are talking about, that's going to meet his -- he can't
11  argue that the amendment is inappropriate because it's futile
12  because you haven't made the allegations necessary and maybe
13  in the meantime, you all conclude that you are getting along
14  enough that you can resolve this case without me.  That's
15  another option.
16      MR. BASS: Respectfully, your Honor, we would
17  prefer the first option of allowing us to amend the complaint
18  to withstand the motion to dismiss, obviously it can be
19  renewed without prejudice or they can certainly file a
20  summary judgment motion.
21      As to whether or not it will facilitate settlement
22  discussions, we certainly hope that it would.  We lack any

transcript of 1-22-04 hrg
23  clear vision or guarantee on that at this point but we would
24  prefer, your Honor, to be allowed, within your Honor's
25  discretion, to amend the complaint to reflect the

Page 37

1   allegations.
2           THE COURT: I'm going to let you amend the
3   complaint, there's no question about that. Whatever I do
4   today with this motion to dismiss, I'm going to let you amend
5   it, okay? And I'm going to let you amend it to seek to add
6   more allegations regarding the governor.
7           The only question really was: Would I, today,
8   grant the motion to dismiss without prejudice to your right
9   to seek to add him back in with additional allegations or
10  would I simply hold the motion to dismiss in abeyance pending
11  some amendment you are going to file three weeks from now.
12  That's really the two choices.
13          MR. BASS: We would ask, your Honor respectfully,
14  that the motion be held in abeyance and see what we can
15  produce with an amended complaint. Perhaps the parties can
16  resolve the matter at that point between themselves, as to
17  whether the defendant feels that the allegations are
18  sufficient to meet the "some connection test."
19          MR. BROWN: We prefer that the motion to dismiss be
20  granted, your Honor, and that would certainly provide the
21  plaintiffs with the time and the impetus and the opportunity
22  to file the amended complaint and we take it up at that time.
23          THE COURT: You guys get along famously.
24          MR. BASS: We would submit that in the interests of
25  judicial economy, the former might serve the interests of the

Page 34

transcript of 1-22-04 hrg

Page 39

1        MR. BROWN: We will, at the very least, be deposing
2   the named plaintiffs, your Honor. Your Honor, Mr. Barber,
3   counsel's reminded me, that Mr. Ryan, secretary of OPM, is
4   direct arm of the governor's office. I don't know what
5   issues that would present if, in fact, the motion is simply
6   held in abeyance as opposed to simply being granted at this
7   point.
8        MR. BASS: We would submit no effect, your Honor.
9        THE COURT: At some point, there may be all sorts
10  of people in the government who they have reason to believe
11  has knowledge of relevant facts and I just didn't want him
12  deposing the governor or anything like that at the moment.
13       This is what I'm going to do, whether it's the
14  right thing or not, I don't know, but it's what I'm going to
15  do:
16       I'm a little bit disappointed, I guess, Mr. Bass,
17  and have to say that this motion has been out here for a long
18  time and you did amend the complaint, you could have amended
19  the complaint before now, I believe, to make some of the
20  allegations that you really haven't.
21       My inclination, therefore, is to grant the motion
22  to dismiss the governor without prejudice to the plaintiffs'
23  right to seek to amend the complaint. I'm going to give you
24  a month from now to in any way you want to amend the
25  complaint, including amending it to bring the governor back

Page 40

1   in the case with appropriate allegations regarding his

Page 36

transcript of 1-22-04 hrg

2   connection to the events that are causing the -- that are
3   connected to the events that underlie the complaint and
4   that's my ruling on the -- hang on for a second. I don't
5   have a number on it. The pleadings I have -- I have the file
6   here, defendant Governor John Rowland's motion to dismiss is
7   docket No. 54, that will be granted without prejudice to the
8   plaintiffs having the right to amend their complaint within
9   one month from today, that is to say February 23rd, 2004, to
10  add the governor back in with appropriate allegations or add
11  any other defendant or to add additional allegations to the
12  complaint, okay?
13           MR. BASS: Your Honor, if I may.
14           THE COURT: Yes, you may.
15           MR. BASS: If we do amend the complaint to once
16  again add the governor as a party defendant, will the
17  defendant then be allowed leave to proceed once again with a
18  motion to dismiss?
19           THE COURT: I can't stop them from filing a motion
20  to dismiss. I would say to you, Mr. Brown, that we went
21  through this colloquy and if they make the allegations that
22  the governor was, and his staff through OPM played a
23  significant role in the closings and that the closings were a
24  major part of the cause of the problem that we currently
25  face, or they've contributed in large measure, whatever

Page 41

1   adjective you want, I think we all agree that they meet the
2   some connection. I wouldn't expect to see a motion to
3   dismiss in the case. Do we understand?

Page 37

transcript of 1-22-04 hrg

```
 4            MR. BROWN:  I understand.
 5            THE COURT:  If you don't have those allegations or
 6   there's a problem in some way -- the thing about it is this:
 7   The way I see the law is that I think if there's an
 8   allegation where the governor is not just the titular head
 9   and included as the titular head but is included as somehow
10   playing a role of some nature in connection with the policies
11   or procedures or actions that form the basis of the lawsuit,
12   I think he's a proper defendant and he should be there.  And
13   that's the way I read Rizzo against Goode and I take it from
14   Mr. Bass that you intend to make those allegations, do you
15   not?
16            MR. BASS:  Yes, we do, your Honor.
17            THE COURT:  If he does and I see no reason why he
18   won't, I wouldn't expect to see a motion to dismiss from you,
19   Mr. Brown, understood?
20            MR. BROWN:  Understood.
21            MR. BASS:  Thank you, your Honor.
22            THE COURT:  Class certification.  Mr. Bass, why
23   don't we start with you on this.  Here's my concern, and then
24   you tell me why I shouldn't be concerned about it or what
25   your answer is to it:
```

Page 42

```
 1            It seems to me that your complaints about the
 2   policies and procedures and transition plans and grievance
 3   plans, that seems systemic.  In other words, it's
 4   programmatic, it goes across the board, it affects everybody
 5   who avails themselves of those programs and I'll be asking
 6   Mr. Brown why shouldn't that be a class action honestly, but
```

Page 38

```
 1   the file, yes, your Honor.
 2        MR. BASS:  To the extent we get into factual
 3   disputes, your Honor, we dispute that.  The fact that a case
 4   worker narrative in a case file might contain the nature of
 5   the disability, of the reasonable accommodation, the process
 6   that may or may not have occurred between client and case
 7   worker, we dispute that occurs randomly let alone on a
 8   systemwide basis.
 9        The Kevin Loveland deposition transcript excerpt
10   also describes they attempted to put a green tag system in
11   place, they're attempting to put in a computer screen prompt
12   none of this exists, for them to say there's a lack of
13   numerosity, you know, in light of the fact that their own
14   procedures are deficient in tracking numbers of disabled
15   people out there who may need accommodation, let alone the
16   fact that there's no system in place yet to ensure the people
17   on a day-to-day basis get notice of their rights to request
18   accommodations and their right to dispute and file a
19   grievance should that accommodation be denied, we would
20   submit that it's not appropriate for the defendant to control
21   that equation.
22        THE COURT:  Can I ask you this question, just
23   trying to understand how these cases work, assuming you are
24   attacking the adequacies of their overall policies and
25   procedures and things, you could have one person do that, if
```

Page 65

transcript of 1-22-04 hrg

1  I make a declaratory judgment that they violate federal law,
2  and that those policies have to be improved in some way, and
3  enjoin them from -- I just don't know what the class gives
4  you that an individual declaratory injunctive relief case
5  wouldn't, maybe it's mootness.
6          MR. BASS: Exactly, we would face a mootness issue
7  if there was only a single individual. Robidoux in the
8  Second Circuit shows these classes are fluid and they include
9  future members who may enter in. There are people applying
10 for benefits before the department on a daily basis, many of
11 whom are disabled and their needs need to be protected as
12 well.
13         THE COURT: Anything either of you want to add?
14 You both have been great, I appreciate your help and
15 assistance, your briefing and oral argument. It's been very
16 helpful.
17         The motion for class certification, I'm going to
18 take under advisement and I will rule on that, I'll get to it
19 in a meaningful time period. I will grant this motion for
20 extension of time. The only thing is I'm going to add in
21 there you've got a month to amend your complaint and add
22 additional parties or allegations, Mr. Bass.
23         Anything else I need to deal with today on this
24 case?
25         MR. BASS: I don't believe so, your Honor.

Page 66

1          MR. BROWN: No, your Honor.
2          THE COURT: Okay. Thank you both.
3