### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI RAYMOND, et al | : | CIVIL ACTION NO. |
| | : | 303CV0118 (MRK) |
| | : | |
| | : | |
| v. | : | |
| JOHN ROWLAND, in his official | : | |
| Capacity as Governor of the State of | | |
| Connecticut, and PATRICIA | | |
| WILSON-COKER, in her official capacity | | |
| as Commissioner of the State of | | |
| Connecticut Department of Social Services | : | |
| *Defendants* | : | MAY 3, 2004 |

### MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS

Pursuant to Fed. R. Civ. P. 45, the plaintiffs served subpoenas on employees of the defendant Department of Social Services, specifically Silvana Flattery and Frances Freer (copies attached as Exhibits A and B).

The defendants move to quash these subpoenas to the extent they seek documents which contain personally identifiable information regarding clients of the Department of Social Services other than classmembers, as defined by the Order of this Court, dated March 12, 2004. Such information is confidential and protected from disclosure pursuant to both state and federal law.

The class definition approved by the Court includes "All disabled individuals who are or will be eligible for subsistence benefits through AABD, TFA, SAGA, Food Stamps, or Medicaid programs, who require reasonable accommodation to obtain

and maintain essential services and benefits from Defendant DSS, and who have been denied reasonable accommodation through DSS's failure to implement appropriate system-wide procedures and regulations for addressing accommodations, including, inter alia, grievance, notice, and recordkeeping procedures."

To the extent the plaintiffs' subpoenas to Ms. Flattery and Ms. Freer seek documents that pertain to DSS clients who are not disabled individuals who either need or have requested a reasonable accommodation and have been denied a require reasonable accommodation,  the defendants have no authorization to disclose such information.  Disclosure of documents pertaining to such clients will violate their confidentiality rights under state and federal law. See Conn. Gen. Stat. § 17b-90(b) (no person shall disclose, authorize or knowingly permit the use of any list of names of, or any information concerning persons applying for or receiving assistance from the Department of Social Services); see also 42 U.S.C. § 602 (a)(1)(A)(iv)(TANF program) (take such reasonable steps as the State deems necessary to restrict the use and disclosure of information about individuals and families receiving assistance under the program attributable to funds provided by the Federal Government ); 42 U.S.C. § 1396a(a)(7) (Medicaid program) (a State plan for medical assistance must-provide safeguards which restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of the plan); 42 C.F.R. § 431.301 (A State plan must provide, under a State statute that imposes legal sanctions, safeguards meeting the requirements of this subpart that restrict the use or disclosure of information concerning applicants and recipients to purposes directly connected with the administration of the plan); and subpart 431.306(b)

administration of the plan); and subpart 431.306(b) (access to information concerning applicants or recipients must be restricted to persons or agency representatives who are subject to standards of confidentiality that are comparable to those of the agency).

Exhibits A and B make requests for documents that go beyond classmembers. Paragraph 7 in both the Flattery and Freer subpoenas requests "All daily logs, maintained at any and all times since January 1, 2003, that lists **all individuals** who come into or otherwise contact the Bridgeport Regional office and the other regional offices in the Western Region with inquiries applying for or maintaining eligibility for assistance, including all information maintained regarding disposition of each individual's inquiry regarding assistance" (emphasis added). The request is not limited to all individuals who are disabled, who are or may be eligible for assistance, who require a reasonable accommodation to obtain and maintain benefits and who were denied said reasonable accommodation. To provide information regarding individuals who do not fall within the class definition would constitute a violation of the aforementioned provisions of state and federal law. Paragraph 10, which seeks mid-month processing reports from December 2003 to the present, also is not limited to records concerning individuals with disabilities who need or have requested an reasonable accommodation and have been denied a reasonable accommodation. Hence, the defendants would violate the confidentiality of non-classmembers if such documents were produced.

Paragraph 8 is also objectionable on the grounds that, although it does request information regarding persons with disabilities, it is not limited to those persons who are either in need of or who have requested a reasonable accommodation and were denied a reasonable accommodation.

Accordingly, the defendants move that the subpoenas issued to Silvana Flattery and Frances Freer be quashed insofar as they seek information regarding clients who are not classmembers, thus breaching their rights of confidentiality pursuant to state and federal law.

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Peter L. Brown
Assistant Attorney General
Fed. Bar # 12132
55 Elm Street, P.O. Box 120
Hartford, CT  06106
(860) 808-5210 (phone)
(860) 808-5385 (fax)
Peter.Brown@po.state.ct.us

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF

MOTION TO QUASH   was mailed, first class, postage prepaid, and faxed  this 3rd of

May,  2004,  to:

Lucy Potter, Esq.
Maria Morelli-Wolfe, Esq.
Greg Bass, Esq.
Greater Hartford Legal Aid
999 Asylum Avenue
Hartford, Connecticut  06105

Joanne Gibau, Esq.
New Haven Legal Assistance
426 State Street
New Haven, CT  06510

Shirley Bergert, Esq.
Connecticut Legal Services
872 Main Street
Willimantic, CT  06226

Priya Cloutier, Esq.
Connecticut Legal Services
153 Williams Street
New London, CT  06320

_____
Peter L. Brown
Assistant Attorney General