

# Greater Hartford Legal Aid, Inc.

April 16, 2004

Attorney Hugh Barber
Attorney Peter L. Brown
Attorney Richard J. Lynch
Assistant Attorneys General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

**RE:** **Raymond et al. v. Coker and Rowland**– Deposition of Silvana Flattery

Dear Attorneys General:

Enclosed please find the notice of deposition and subpoena for Silvana Flattery. The deposition will be conducted on Tuesday, May 4, 2004 as previously agreed. Thank you for agreeing to accept service of this notice of subpoena and deposition.

The deposition will be conducted at Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT. When you arrive, please ask the receptionist to contact Attorneys Bass, Potter or Morelli-Wolfe.

Thank you for your anticipated cooperation with these matters. If you have any questions, please feel free to call me at 541-5042.

Sincerely,

Maria Morelli-Wolfe
Attorney at Law

enc
cc: counsel of record



EXHIBIT A

999 Asylum Ave., 3rd Floor • Hartford, CT 06105-2465     Tel: 860. 541. 5000 • Fax: 860. 541.5050 • TTY: 860. 541.5069
E-Mail: ghla@ghla.org     Web site: www.ghla.org
A Partner In United Way

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI RAYMOND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. |
| ) | NO. 303CV0118 MRK |
| v. ) | |
| ) | APRIL 16, 2004 |
| JOHN ROWLAND, in his official capacity as ) | |
| Governor of the State of Connecticut, and ) | |
| PATRICIA WILSON-COKER, in her ) | |
| official capacity as Commissioner of the State of ) | CLASS ACTION |
| Connecticut Department of Social Services, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF DEPOSITION (SILVANA FLATTERY, DEPARTMENT OF SOCIAL SERVICES)

TO:   Peter L. Brown, Esq.
      Hugh Barber, Esq.
      Richard Lynch, Esq.

      Assistant Attorneys General
      Office of the Attorney General
      55 Elm Street
      P.O. Box 120
      Hartford, CT 06141-0120

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, undersigned counsel for the plaintiffs in the above-captioned case will take the deposition of **Silvana Flattery** of the State of Connecticut Department of Social Services, upon oral examination before an official court reporter, notary public, or other officer competent to administer oaths, on **May 4, 2004 at 9:30 a.m.,** at Greater Hartford

1

Legal Aid, 999 Asylum Avenue, Third Floor, Hartford, CT, 06105. The testimony will be stenographically recorded.

The deposition is being taken for the purposes of discovery, for use at the hearing in this matter, or for such other purposes as are permitted under the federal or local rules.

The examination shall continue from day to day until completed.

The plaintiffs request, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that the deponent bring to the deposition the following, as referenced in the Schedule "A" attached to the deponent's subpoena:

## DEFINITIONS

"**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. This term includes, but is not limited to electronic data, such as e-mail, and other stored files.

"**Communication**" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, consistent with Rule 26(c) of the Local Rules of the United States District Court for the District of Connecticut.

"**DSS**" means the State of Connecticut Department of Social Services, its officers, administrators, staff, employees, agents, and all persons acting in concert therewith. The term further includes all predecessor state agencies, however named or designated.

"**Disabled persons**" or "**disabling conditions**" refers to individuals recognized as disabled within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq., as amended,* and/or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *as amended.*

"**Temporary Family Assistance (TFA)**," "**State Administered General Assistance (SAGA)**," "**Food Stamps**," "**Medicaid**," and "**State Supplement to the Aged, Blind and Disabled (AABD)**" each refer to public assistance programs administered by the Department of Social Services.

**DOCUMENT REQUESTS**

1. All documents, including but not limited to policy transmittals, notices, handbooks, protocols, rules, manuals, communications, memoranda, and/or guidelines regarding the intake and/or the redetermination procedures used in the Northern Region.

2. All forms, checklists, screening instruments, automated prompts, or any other documents or materials used by Northern Region intake workers in determining eligibility for TFA, including but not limited to those used when an individual seeks assistance after a gap in receipt of cash assistance, but prior to exhaustion of the 21 months of time-limited benefits and two extensions, and those used when an individual seeks assistance after a gap in receipt of cash assistance and exhaustion of the 21 months of time-limited benefits and two extensions.

3. Any and all documents, including but not limited to correspondence, memoranda, transmittals, and/or e-mails, containing procedures, guidelines, protocols, rules, tools, and/or methods, from whatever source, used by the Northern Region, either through its staff or in cooperation with the staff of any other entity, to identify, screen for, assess, track, monitor, and/or affirmatively assist, in any way, applicants for, or recipients of TFA, SAGA, AABD, Medicaid, and/or Food Stamp benefits who have disabling conditions of any kind, to determine what assistance and/or reasonable accommodations they may need in applying for and/or maintaining eligibility for benefits, extensions, and/or exemptions, including but not limited to transportation, explanation of notices and eligibility criteria, and help with obtaining needed evaluations and eligibility verification documentation.

4. All documents evidencing provision and/or completion of training of DSS staff regarding any compliance requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, and/or any issues regarding the rights of disabled persons who apply for or who receive benefits from DSS programs.

5. Any and all notices, posters, communications and/or other documents provided or otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

6. All evaluative tools, including but not limited to all policy transmittals, notices, handbooks, protocols, rules, automated tracking mechanisms, manuals, communications, memoranda, guidelines, forms, standards, checklists, or benchmarks, used to assess intake workers in their job performance, including, if applicable, compliance and/or enforcement of the requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, with

respect to applicants or recipients of benefits from DSS programs.

7. All daily logs, maintained at any and all times since January 1, 2003, that list all individuals who come into or otherwise contact the Hartford Regional office and the other regional offices in the Northern Region with inquiries regarding applying for or maintaining eligibility for assistance, including all information maintained regarding disposition of each individual's inquiry regarding assistance.

8. Any and all documents, issued or maintained at any and all times since January 1, 2003, tracking, identifying, or monitoring TFA, SAGA, AABD, Food Stamps and/or Medicaid application processing times in the Hartford Regional office and the other offices in the Northern Region, including a breakdown, if reported or otherwise tracked, the processing times for those applicants alleging disability or who are otherwise identified or assessed by DSS, preliminarily or otherwise, as disabled.

9. Any and all notices, posters, communications and/or other documents provided or otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

10. The mid-month processing reports (DMF 80B2A) from December, 2003 to the present, of the Hartford Regional office and the other regional offices in the Northern Region.

11. A listing of all requests for accommodation received in the Hartford Regional office and in the other regional offices of the Northern Region, and the DSS response, from January 2003 to the present.

You are invited to attend and to cross-examine on behalf of your client.

PLAINTIFFS,

BY: _M m_
Maria Morelli-Wolfe
Fed. Bar No. CT 23174
GREATER HARTFORD LEGAL AID
999 Asylum Avenue, Third Floor
Hartford, CT 06105
(860) 541-5042
(860)541-5050 (Facsimile)
mmorelliwolfe@ghla.org

Case 3:03-cv-00118-MRK

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing Notice of Deposition (Silvana Flattery) was mailed, United States Mail, First Class, postage prepaid, on this 16th day of April 2004 addressed to:

Hugh Barber, Esq.
Richard Lynch, Esq.
Peter L. Brown, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Maria Morelli-Wolfe

5

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF **Connecticut**

Lori Raymond, et al., Plaintiffs

V.

John Rowland, Governor of the State of Connecticut
Patricia Wilson-Coker, Commissioner, DSS

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 3:03 CV 0118 (MRK)

TO: SILVANA FLATTERY, Regional Administrator, DSS

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT | May 4, 2004 @ 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached "Schedule A"

| PLACE | DATE AND TIME |
|---|---|
| Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT | May 4, 2004 @ 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Plaintiffs | 4/16/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Morelli-Wolfe, GHLA, 999 Asylum Avenue, 3rd Floor, Hartford, CT 06105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A–
## SILVANA FLATTERY

### I. GENERAL INSTRUCTIONS

A. You are requested to produce the original of each document described below or, if the original is not in your custody, then a copy of the original. In any event, you are requested to produce all copies that differ from the original or from the other copies produced for any reason, including the making of notes on the document.

B. This request relates to all documents in your possession, custody or control, including documents in your possession or the possession of your present and former attorneys, partners, employees, representatives and agents, or other persons acting on your behalf.

C. In the event you are able to produce only some of the documents called for in a particular request, produce all the documents you are able to produce.

D. If you object to a portion of a request, produce all documents called for by that portion of the request to which you do not object.

E. For each document called for by this request to which you assert a claim of privilege or immunity from discovery, you will be asked during your deposition to state the following:
    (1) The type of document (e.g. letter, memorandum, note);
    (2) A general description of the subject of the document;
    (3) The date the document was prepared;
    (4) The current location of the document and any copies of the document;
    (5) The basis for the claim of privilege or immunity;
    (6) If the basis for the claim of immunity is the work-product doctrine, the proceeding for which the document was prepared.

### II. DEFINITIONS

"**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. This term includes, but is not limited to electronic data, such as e-mail, and other stored files.

"**Communication**" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, consistent with Rule 26(c) of the Local Rules of the United States District Court for the District of Connecticut.

"**DSS**" means the State of Connecticut Department of Social Services, its officers, administrators, staff, employees, agents, and all persons acting in concert therewith. The term further includes all predecessor state agencies, however named or designated.

"**Disabled persons**" or "**disabling conditions**" refers to individuals recognized as disabled within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, *as amended*, and/or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *as amended*.

"**Temporary Family Assistance (TFA)**," "**State Administered General Assistance (SAGA)**," "**Food Stamps**," "**Medicaid**," and "**State Supplement to the Aged, Blind and Disabled (AABD)**" each refer to public assistance programs administered by the Department of Social Services.

### III. DOCUMENT REQUESTS

All requests pertain to those documents reasonably within the possession or control of the deponent.

1. All documents, including but not limited to policy transmittals, notices, handbooks, protocols, rules, manuals, communications, memoranda, and/or guidelines regarding the intake and/or the redetermination procedures used in the Northern Region.

2. All forms, checklists, screening instruments, automated prompts, or any other documents or materials used by Northern Region intake workers in determining eligibility for TFA, including but not limited to those used when an individual seeks assistance after a gap in receipt of cash assistance, but prior to exhaustion of the 21 months of time-limited benefits and two extensions, and those used when an individual seeks assistance after a gap in receipt of cash assistance and exhaustion of the 21 months of time-limited benefits and two extensions.

3. Any and all documents, including but not limited to correspondence, memoranda, transmittals, and/or e-mails, containing procedures, guidelines, protocols, rules, tools, and/or methods, from whatever source, used by the Northern Region, either through its staff or in cooperation with the staff of any other entity, to identify, screen for, assess, track, monitor, and/or affirmatively assist, in any way, applicants for, or recipients of TFA, SAGA, AABD, Medicaid, and/or Food Stamp benefits who have disabling conditions of any kind, to determine what assistance and/or reasonable accommodations they may need in applying for and/or maintaining eligibility for benefits, extensions, and/or exemptions, including but not limited to transportation, explanation of notices and eligibility criteria, and help with obtaining needed evaluations and eligibility verification documentation.

4. All documents evidencing provision and/or completion of training of DSS staff regarding any compliance requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, and/or any issues regarding the rights of disabled persons who apply for or who receive benefits from DSS programs.

5. Any and all notices, posters, communications and/or other documents provided or

otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

6. All evaluative tools, including but not limited to all policy transmittals, notices, handbooks, protocols, rules, automated tracking mechanisms, manuals, communications, memoranda, guidelines, forms, standards, checklists, or benchmarks, used to assess intake workers in their job performance, including, if applicable, compliance and/or enforcement of the requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, with respect to applicants or recipients of benefits from DSS programs.

7. All daily logs, maintained at any and all times since January 1, 2003, that list all individuals who come into or otherwise contact the Hartford Regional office and the other regional offices in the Northern Region with inquiries regarding applying for or maintaining eligibility for assistance, including all information maintained regarding disposition of each individual's inquiry regarding assistance.

8. Any and all documents, issued or maintained at any and all times since January 1, 2003, tracking, identifying, or monitoring TFA, SAGA, AABD, Food Stamps and/or Medicaid application processing times in the Hartford Regional office and the other offices in the Northern Region, including a breakdown, if reported or otherwise tracked, the processing times for those applicants alleging disability or who are otherwise identified or assessed by DSS, preliminarily or otherwise, as disabled.

9. Any and all notices, posters, communications and/or other documents provided or otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

10. The mid-month processing reports (DMF 80B2A) from December, 2003 to the present, of the Hartford Regional office and the other regional offices in the Northern Region.

11. A listing of all requests for accommodation received in the Hartford Regional office and in the other regional offices of the Northern Region, and the DSS response, from January 2003 to the present.



# Greater Hartford Legal Aid, Inc.

APR 20 2004

April 16, 2004

Attorney Hugh Barber
Attorney Peter L. Brown
Attorney Richard J. Lynch
Assistant Attorneys General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120

RE:   **Raymond et al. v. Coker and Rowland**-- Deposition of Frances Freer

Dear Attorneys General:

Enclosed please find the notice of deposition and subpoena for Frances Freer. The deposition will be conducted on Friday, May 7, 2004 as previously agreed. Thank you for agreeing to accept service of this notice of subpoena and deposition.

The deposition will be conducted at Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT. When you arrive, please ask the receptionist to contact Attorneys Bass, Potter or Morelli-Wolfe.

Thank you for your anticipated cooperation with these matters. If you have any questions, please feel free to call me at 541-5042.

Sincerely,

Maria Morelli-Wolfe
Attorney at Law

**EXHIBIT B**

enc
cc: counsel of record

999 Asylum Ave., 3rd Floor • Hartford, CT 06105-2465    Tel: 860. 541. 5000 • Fax: 860. 541.5050 • TTY: 860. 541.5069
E-Mail: ghla@ghla.org    Web site: www.ghla.org

A Partner In United Way

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI RAYMOND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | NO. 303CV0118 MRK |
| v. | ) | |
| | ) | APRIL 16, 2004 |
| JOHN ROWLAND, in his official capacity as | ) | |
| Governor of the State of Connecticut, and | ) | |
| PATRICIA WILSON-COKER, in her | ) | |
| official capacity as Commissioner of the State of | ) | CLASS ACTION |
| Connecticut Department of Social Services, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF DEPOSITION (FRANCES FREER, DEPARTMENT OF SOCIAL SERVICES)

TO:   Peter L. Brown, Esq.
      Hugh Barber, Esq.
      Richard Lynch, Esq.

      Assistant Attorneys General
      Office of the Attorney General
      55 Elm Street
      P.O. Box 120
      Hartford, CT 06141-0120

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, undersigned counsel for the plaintiffs in the above-captioned case will take the deposition of **Frances Freer** of the State of Connecticut Department of Social Services, upon oral examination before an official court reporter, notary public, or other officer competent to administer oaths, on **May 7, 2004 at 9:30 a.m.,** at Greater Hartford Legal Aid, 999 Asylum

1

Avenue, Third Floor, Hartford, CT, 06105. The testimony will be stenographically recorded.

The deposition is being taken for the purposes of discovery, for use at the hearing in this matter, or for such other purposes as are permitted under the federal or local rules.

The examination shall continue from day to day until completed.

The plaintiffs request, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that the deponent bring to the deposition the following, as referenced in the Schedule "A" attached to the deponent's subpoena:

## **DEFINITIONS**

"**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. This term includes, but is not limited to electronic data, such as e-mail, and other stored files.

"**Communication**" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, consistent with Rule 26(c) of the Local Rules of the United States District Court for the District of Connecticut.

"**DSS**" means the State of Connecticut Department of Social Services, its officers, administrators, staff, employees, agents, and all persons acting in concert therewith. The term further includes all predecessor state agencies, however named or designated.

"**Disabled persons**" or "**disabling conditions**" refers to individuals recognized as disabled within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, *as amended*, and/or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *as amended*.

"**Temporary Family Assistance (TFA)**," "**State Administered General Assistance (SAGA)**," "**Food Stamps**," "**Medicaid**," and "**State Supplement to the Aged, Blind and Disabled (AABD)**" each refer to public assistance programs administered by the Department of Social Services.

2

**DOCUMENT REQUESTS**

1. All documents, including but not limited to policy transmittals, notices, handbooks, protocols, rules, manuals, communications, memoranda, and/or guidelines regarding the intake and/or the redetermination procedures used in the Western Region.

2. All forms, checklists, screening instruments, automated prompts, or any other documents or materials used by Western Region intake workers in determining eligibility for TFA, including but not limited to those used when an individual seeks assistance after a gap in receipt of cash assistance, but prior to exhaustion of the 21 months of time-limited benefits and two extensions, and those used when an individual seeks assistance after a gap in receipt of cash assistance and exhaustion of the 21 months of time-limited benefits and two extensions.

3. Any and all documents, including but not limited to correspondence, memoranda, transmittals, and/or e-mails, containing procedures, guidelines, protocols, rules, tools, and/or methods, from whatever source, used by the Western Region, either through its staff or in cooperation with the staff of any other entity, to identify, screen for, assess, track, monitor, and/or affirmatively assist, in any way, applicants for, or recipients of TFA, SAGA, AABD, Medicaid, and/or Food Stamp benefits who have disabling conditions of any kind, to determine what assistance and/or reasonable accommodations they may need in applying for and/or maintaining eligibility for benefits, extensions, and/or exemptions, including but not limited to transportation, explanation of notices and eligibility criteria, and help with obtaining needed evaluations and eligibility verification documentation.

4. All documents evidencing provision and/or completion of training of DSS staff regarding any compliance requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, and/or any issues regarding the rights of disabled persons who apply for or who receive benefits from DSS programs.

5. Any and all notices, posters, communications and/or other documents provided or otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

6. All evaluative tools, including but not limited to all policy transmittals, notices, handbooks, protocols, rules, automated tracking mechanisms, manuals, communications, memoranda, guidelines, forms, standards, checklists, or benchmarks, used to assess intake workers in their job performance, including, if applicable, compliance and/or enforcement of the requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, with

respect to applicants or recipients of benefits from DSS programs.

7. All daily logs, maintained at any and all times since January 1, 2003, that list all individuals who come into or otherwise contact the Bridgeport Regional office and the other regional offices in the Western Region with inquiries regarding applying for or maintaining eligibility for assistance, including all information maintained regarding disposition of each individual's inquiry regarding assistance.

8. Any and all documents, issued or maintained at any and all times since January 1, 2003, tracking, identifying, or monitoring TFA, SAGA, AABD, Food Stamps and/or Medicaid application processing times in the Bridgeport Regional office and the other offices in the Western Region, including a breakdown, if reported or otherwise tracked, the processing times for those applicants alleging disability or who are otherwise identified or assessed by DSS, preliminarily or otherwise, as disabled.

9. Any and all notices, posters, communications and/or other documents provided or otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

10. The mid-month processing reports (DMF 80B2A) from December, 2003 to the present, of the Bridgeport Regional office and the other regional offices of the Western Region.

11. A listing of all requests for accommodation received in the Bridgeport Regional office and in the other regional offices of the Western Region, and the DSS response, from January 2003 to the present.

You are invited to attend and to cross-examine on behalf of your client.

PLAINTIFFS,

BY: _____
Maria Morelli-Wolfe
Fed. Bar No. CT 23174
GREATER HARTFORD LEGAL AID
999 Asylum Avenue, Third Floor
Hartford, CT 06105
(860) 541-5042
(860) 541-5050 (Facsimile)
mmorelliwolfe@ghla.org

4

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing Notice of Deposition (Frances Freer) was mailed, United States Mail, First Class, postage prepaid, on this 6th day of April 2004 addressed to:

Hugh Barber, Esq.
Richard Lynch, Esq.
Peter L. Brown, Esq.
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

                                                  Maria Morelli-Wolfe

Case 3:03-cv-00118-MRK   Document 90-3   Filed 05/04/2004   Page 16 of 20

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF __Connecticut__

Lori Raymond, et al., Plaintiffs

V.

John Rowland, Governor of the State of Connecticut
Patricia Wilson-Coker, Commissioner, DSS

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] 3:03 CV 0118 (MRK)

TO: FRANCES FREER, Regional Administrator, DSS

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT | May 7, 2004 @ 9:30 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached "Schedule A"

| PLACE | DATE AND TIME |
|---|---|
| Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor, Hartford, CT | May 7, 2004 @ 9:30 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Plaintiffs | 4/16/04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Maria Morelli-Wolfe, GHLA, 999 Asylum Avenue, 3rd Floor, Hartford, CT 06105

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A–
## FRANCES FREER

### I. GENERAL INSTRUCTIONS

A. You are requested to produce the original of each document described below or, if the original is not in your custody, then a copy of the original. In any event, you are requested to produce all copies that differ from the original or from the other copies produced for any reason, including the making of notes on the document.

B. This request relates to all documents in your possession, custody or control, including documents in your possession or the possession of your present and former attorneys, partners, employees, representatives and agents, or other persons acting on your behalf.

C. In the event you are able to produce only some of the documents called for in a particular request, produce all the documents you are able to produce.

D. If you object to a portion of a request, produce all documents called for by that portion of the request to which you do not object.

E. For each document called for by this request to which you assert a claim of privilege or immunity from discovery, you will be asked during your deposition to state the following:
    (1) The type of document (e.g. letter, memorandum, note);
    (2) A general description of the subject of the document;
    (3) The date the document was prepared;
    (4) The current location of the document and any copies of the document;
    (5) The basis for the claim of privilege or immunity;
    (6) If the basis for the claim of immunity is the work-product doctrine, the proceeding for which the document was prepared.

### II. DEFINITIONS

"**Document**" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. This term includes, but is not limited to electronic data, such as e-mail, and other stored files.

"**Communication**" means the transmittal of information, in the form of facts, ideas, inquiries, or otherwise, consistent with Rule 26(c) of the Local Rules of the United States District Court for the District of Connecticut.

"**DSS**" means the State of Connecticut Department of Social Services, its officers, administrators, staff, employees, agents, and all persons acting in concert therewith. The term further includes all predecessor state agencies, however named or designated.

"**Disabled persons**" or "**disabling conditions**" refers to individuals recognized as disabled within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, *as amended*, and/or Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *as amended*.

"**Temporary Family Assistance (TFA)**," "**State Administered General Assistance (SAGA)**," "**Food Stamps**," "**Medicaid**," and "**State Supplement to the Aged, Blind and Disabled (AABD)**" each refer to public assistance programs administered by the Department of Social Services.

### III. DOCUMENT REQUESTS

**All requests pertain to those documents reasonably within the possession or control of the deponent.**

1. All documents, including but not limited to policy transmittals, notices, handbooks, protocols, rules, manuals, communications, memoranda, and/or guidelines regarding the intake and/or the redetermination procedures used in the Western Region.

2. All forms, checklists, screening instruments, automated prompts, or any other documents or materials used by Western Region intake workers in determining eligibility for TFA, including but not limited to those used when an individual seeks assistance after a gap in receipt of cash assistance, but prior to exhaustion of the 21 months of time-limited benefits and two extensions, and those used when an individual seeks assistance after a gap in receipt of cash assistance and exhaustion of the 21 months of time-limited benefits and two extensions.

3. Any and all documents, including but not limited to correspondence, memoranda, transmittals, and/or e-mails, containing procedures, guidelines, protocols, rules, tools, and/or methods, from whatever source, used by the Western Region, either through its staff or in cooperation with the staff of any other entity, to identify, screen for, assess, track, monitor, and/or affirmatively assist, in any way, applicants for, or recipients of TFA, SAGA, AABD, Medicaid, and/or Food Stamp benefits who have disabling conditions of any kind, to determine what assistance and/or reasonable accommodations they may need in applying for and/or maintaining eligibility for benefits, extensions, and/or exemptions, including but not limited to transportation, explanation of notices and eligibility criteria, and help with obtaining needed evaluations and eligibility verification documentation.

4. All documents evidencing provision and/or completion of training of DSS staff regarding any compliance requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, and/or any issues regarding the rights of disabled persons who apply for or who receive benefits from DSS programs.

5. Any and all notices, posters, communications and/or other documents provided or

otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

6. All evaluative tools, including but not limited to all policy transmittals, notices, handbooks, protocols, rules, automated tracking mechanisms, manuals, communications, memoranda, guidelines, forms, standards, checklists, or benchmarks, used to assess intake workers in their job performance, including, if applicable, compliance and/or enforcement of the requirements of the ADA and/or Section 504 of the Rehabilitation Act of 1973, with respect to applicants or recipients of benefits from DSS programs.

7. All daily logs, maintained at any and all times since January 1, 2003, that list all individuals who come into or otherwise contact the Bridgeport Regional office and the other regional offices in the Western Region with inquiries regarding applying for or maintaining eligibility for assistance, including all information maintained regarding disposition of each individual's inquiry regarding assistance.

8. Any and all documents, issued or maintained at any and all times since January 1, 2003, tracking, identifying, or monitoring TFA, SAGA, AABD, Food Stamps and/or Medicaid application processing times in the Bridgeport Regional office and the other offices in the Western Region, including a breakdown, if reported or otherwise tracked, the processing times for those applicants alleging disability or who are otherwise identified or assessed by DSS, preliminarily or otherwise, as disabled.

9. Any and all notices, posters, communications and/or other documents provided or otherwise made available to applicants for, and/or recipients of assistance, informing them of the potential availability of reasonable accommodations for disabling conditions with respect to accessing and/or maintaining benefits, their rights as disabled persons under the ADA or Section 504 of the Rehabilitation Act of 1973, and/or their rights to be free from discrimination on the basis of their disability.

10. The mid-month processing reports (DMF 80B2A) from December, 2003 to the present, of the Bridgeport Regional office and the other regional offices of the Western Region.

11. A listing of all requests for accommodation received in the Bridgeport Regional office and in the other regional offices of the Western Region, and the DSS response, from January 2003 to the present.