May 19, 2004

Hugh Barber, Esq.
Assistant Attorney General
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Re:   Raymond v. Rowland
      U.S. District Court
      District of Connecticut
      No. 303CV0118 (MRK)

SENT BY FACSIMILE (808-5385)
ORIGINAL FORWARDED BY U.S. MAIL

Dear Attorney Barber:

      This letter confirms and follows up on the May 15, 2004 telephone conference call conducted by Attorney Maria Morelli-Wolfe, myself and you, regarding defendant Wilson-Coker's May 3, 2004 responses to Plaintiffs' Second Request for Production of Documents to the Defendant Patricia Wilson-Coker, as well as Defendants' Motion to Quash Subpoenas, also dated May 3, 2004, and directed to the deposition subpoenas for Silvana Flattery and Frances Freer. Plaintiffs' counsel scheduled the telephone conference call in order to comply with the good faith conferral requirements of Rule 37(a)(2) of the Federal Rules of Civil Procedure and Rule 37(a)(2) of the Rules of the United States District Court for the District of Connecticut.

      Since we were unable to mutually resolve all of the issues, we plan to file a motion to compel on May 24, 2004. With respect to the items you stated you would get back to us about, we would appreciate your response prior to this deadline. Should your understanding of any of the matters recounted in this letter differ in any material respect, please contact either Attorney Morelli-Wolfe or myself as soon as possible.

      While the discussion of discovery responses in this correspondence is confined to Plaintiffs' Second Request for Production of Documents to the Defendant Patricia Wilson-Coker, we intend this letter to also address the document objections contained in Defendant's Motion to Quash, referenced above. These objections are based on ground identical to those discussed with

Hugh Barber, Esq.
May 20, 2004
Page 2

reference to the request for production of documents and will therefore not be repeated at length.


Discussion of Responses to Plaintiffs' Second Request for Production of Documents to the Defendant Patricia Wilson-Coker


      1. General Issues of Confidentiality and Burdensomeness

      With respect to Plaintiffs' second production request, we discussed defendant's assertion of "confidentiality" as an objection to a number of the requests. You stated that a protective order mutually executed by the parties would be insufficient to resolve this objection, because our production request asks for documents pertaining to individuals outside the Raymond class definition. Our understanding is that your position was based upon three points: (1) the Raymond class definition is restricted to individuals who are disabled, who have requested reasonable accommodations from DSS in order to access benefits, and whose accommodation requests have been denied; (2) since we are not counsel to individuals outside this class definition, the defendant lacks legal authority to disclose to plaintiffs any confidential information about any non-class members who are applying for, or receiving benefits from the Department of Social Services (DSS); (3) since, due to the nature of DSS computer-based data systems, it is difficult or burdensome to identify individuals who may or may not be Raymond class members in order to respond to the request for production, defendant should not be obligated to respond.

      With respect to the confidentiality objection posed by defendant, Attorney Morelli-Wolfe and I replied that defendant's reading of the class definition is an unduly restricted interpretation that is unwarranted by the court's class ruling. The court's decision and class definition specifically reference plaintiffs' allegations of systemic ADA violations, including lack of notice to disabled clients of their rights under the federal law and lack of procedures to adequately address their reasonable accommodation needs. Defendant's interpretation would further impermissibly force each plaintiff to individually litigate his or her Americans with Disabilities Act (ADA) claims on the merits. Finally, plaintiffs assert that the proper reference is the scope of permissible discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure, which categorically allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Plaintiffs contend that they are entitled to receive documents relevant to class member claims and that the alleged inadequacies of defendant's computer data retrieval systems should not be allowed to thwart that entitlement. The unwarranted dissemination of any personal confidential information for any individual can be sufficiently addressed by a court-enforced protective order.

Hugh Barber, Esq.
May 20, 2004
Page 3

It is our understanding that the defendant's "burdensomeness" objection to a number of document requests is based upon the assertion that the format of DSS computer-based data program systems does not currently allow for the retrieval of documents in the form requested by plaintiffs. In order to be responsive, the defendant would have to generate new unspecified types of computer programs to identify and produce the requested documents.

Attorney Morelli-Wolfe and I responded that the defendant has not clarified how generating new computer programs in response to the requests for production is specifically burdensome. In addition, the fact that defendant has not computerized documents such as the clearly-relevant "green tag" files referenced in Request No. 1, which pertain to individuals the Department itself has supposedly identified as disabled and needing reasonable accommodations, cannot be used as a burdensomeness defense to unilaterally block discovery access.

Particular Document Requests and Defendant's Responses

Request No. 1: You again asserted defendant's objections to this request. Attorney Morelli-Wolfe stated that reference to "ADDR" screens, which track disabled clients according to Jan Miller in her deposition, may assist.

Request No. 2: You again asserted defendant's objections to this request. Attorney Morelli-Wolfe pointed out that Jan Miller indicated in her deposition that this production request would not pose a problem. You responded that other DSS staff would be involved in responding to this request.

Request No. 3: Plaintiffs are willing to seek only documents referenced under 3(b)(iv). You stated you would get back to us on this.

Request No. 5: You stated that documents without personal identifying information could potentially be provided in response to this request, and that you would check on this. However, you stated that documents regarding class members cannot be produced without burdensome manual file reviews.

Request No. 6: Plaintiffs received some documents responsive to this request, but with names redacted. Attorney Morelli-Wolfe stated that in the Ronald Roberts deposition, Attorney Brown agreed to produce these documents in unredacted form, for the New Haven region. You still stood on defendant's objection.

Request Nos. 7, 8, 9: Attorney Morelli-Wolfe asked whether defendant would provide unredacted versions of these documents. You stated you would get back to us regarding Nos. 7 and 8. Our understanding is that you still stood on defendant's objection for No. 9.

Hugh Barber, Esq.
May 20, 2004
Page 4

<u>Request No. 10</u>:    Attorney Morelli-Wolfe stated that Jan Miller testified at her deposition to having six months of these reports.  You stated you would check to see if these documents contain client identifiers.  If so, defendant will not produce them in unredacted form.  Our understanding is that you stated further that these reports are quite voluminous and redacting each of the client identifiers would be burdensome.

<u>Request No. 11</u>:    Attorney Morelli-Wolfe stated that it was unclear what documents plaintiffs actually received in response to this request.  The documents include, for example, apparent voice mail logs, but without reference to identifying information such as office location.  You stated you would get back to us on this.

<u>Request Nos. 17, 18, 19, 23</u>:    Defendant's responses to these requests indicate no objection.  The responses to Nos. 17 and 18 state that no documents have been found that are responsive to the request, but that if documents are discovered at a later date, they will be provided.  The response to No. 19 indicates that documents will be provided regarding the request as soon as they are available.  The response to No. 23 states that to the extent, defendant possesses responsive documents, they will be provided, as soon as they are available.  Attorney Morelli-Wolfe asked whether searches are actually being made for these documents.  You stated you would get back to us on this.

Your attention to this matter is appreciated.

Sincerely,

Greg Bass
Maria Morelli-Wolfe