**RICHARD BLUMENTHAL**
ATTORNEY GENERAL



Office of The Attorney General
## State of Connecticut

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Tel: (860) 808-5210
Fax: (860) 808-5385

May 21, 2004

Greg Bass, Esq.
Maria Morelli-Wolfe, Esq.
Greater Hartford Legal Aid, 3rd Flr.
999 Asylum Avenue
Hartford, CT 06105-2465

RE: **Raymond v. Rowland**

Dear Attorneys Bass and Morelli-Wolfe:

    I am in receipt of your letter dated May 19, 2004 demanding that the parties resolve all discovery disputes related to Plaintiffs' Second Request for Production of Documents by Monday, May 24, 2004, or a Motion to Compel will be filed. I am writing to indicate that we are following up on discovery issues and expect to be able to substantially narrow the number of items in dispute. We are requesting that you hold off on filing a Motion to Compel at least until the end of next week (May 28) to allow that process to be completed.

    Specifically, I met with Jan Miller this morning on a number of items in dispute that relate to her area of expertise.

    First, you have asked for copies of Post Authorization Supervisor Reviews. I believe that you were previously provided a representative copy of this report, at the statewide level. I am forwarding a copy of the current statewide report for May, 2004. These reports are also prepared at the supervisor and worker levels. We previously objected to the production of these reports on confidentiality grounds based upon our mistaken understanding that client identifiers were disclosed. I reviewed the supervisor level and worker-level reports this morning. I did not see any client identifiers, so the report is available to you. The supervisor and worker level reports are extremely voluminous-a stack of paper about 8" thick, double sided for the month of May, 2004, alone. Notwithstanding their volume, I saw essentially no useful information. I'll nevertheless forward the stack for May, 2004 to your attention. Apparently, no one in DSS keeps the reports from prior months. I don't know whether or not they can be reproduced for prior months; however, in light of the volume of material and their lack of any probative value, we trust that you will agree that any further production of these reports for any other month is not warranted.

    Second, you verbally narrowed Request No. 3 to items falling within b. iv, i.e. former TFA recipients who claimed an exemption based upon incapacity, whose claim was denied or found undetermined by MRT. We are looking into this request and believe that it may be possible to identify each such individual – not through EMS, but though a separate system

Greg Bass, Esq.
Maria Morelli-Wolfe, Esq.
Re: Raymond v. Rowland
May 21, 2004
Page 2

utilized by the MRT. We should be in a position to know whether we can identify these individuals by early next week. Confidentiality issues, however, may preclude disclosure because these individuals do not appear to be classmembers as evidenced by the denial of a claim for an exemption by MRT, i.e. they do not appear to be "disabled."

    3. I am also following up on what information can be retrieved (and in what time frame) from the "ADDR screen." Again, I should be in a position to report back next week; however, it is possible that the ADDR screens could be of assistance in more readily identifying and individuals who have been granted ADA accommodations.

Peter Brown is following up on a number of other requests, including on items where we indicated that we would produce whatever responsive documents could be located in our possession or control in response to particular requests, but have not yet produced same. We'll follow up on all other issues raised in your letter as soon as we can.

To the extent that you are asking for information on individuals who are non-classmembers, we continue to believe that confidentiality requirements preclude disclosure. We expect, however, to be in a position to substantially narrow the scope of any discovery dispute shortly, and ask your indulgence at least until May 28th.

Very truly yours,

Hugh Barber
Assistant Attorney General

HB:dh

cc: Peter L. Brown, AAG