## Summary Notice to Potential Class Members

This notice is for members of the "class" in a case called <u>Raymond v. Rowland</u>, a "class action." The federal Court ruled the class -- people affected by this lawsuit -- includes all people with physical or mental disabilities who get benefits from the Connecticut Department of Social Services (DSS) now or in the future. In 2003 Ms. Raymond and others filed this lawsuit to improve the way DSS helps people with disabilities. DSS and the class reached an agreement. The agreement will end the lawsuit if the Court approves it.

The case was brought to change the way DSS operates -- *not to get money damages for class members*. This notice tells what changes DSS and the class agreed to. It also explains how you can tell the Court if you object.

**Here is a summary of the changes.** More detail is in the following pages:
▶ DSS workers will provide extra help for people who need it because of disability when applying or recertifying for benefits. DSS must also tell you that you can ask for this help.
▶ DSS will have a grievance or complaint process for people with disabilities who believe they were treated unfairly because of their disability.
▶ DSS will change its offices to make them more welcoming and easier to use.
▶ DSS is changing its procedures, written notices and phone and computer systems to help people with disabilities.
▶ DSS is training its staff about people with disabilities and their rights.
▶ DSS will hire staff to make these changes happen.

**There will be a hearing on _____ before Judge Mark Kravitz. It will be at the United States District Court, 141 Church Street, New Haven, Connecticut 06510. At the hearing, the Court will consider the settlement agreement. Class members can object to the settlement agreement at the hearing. <u>You do not have to go to the hearing or do anything else if you do not want to object to the settlement.</u>**

<u>**RAYMOND v. ROWLAND**</u>, Civil Action No. 3:03CV0118 (MRK)
**UNITED STATES DISTRICT COURT -- DISTRICT OF CONNECTICUT**

## NOTICE OF PROPOSED SETTLEMENT AGREEMENT
## AND FAIRNESS HEARING

**Purpose of this notice:** This notice concerns a proposed settlement agreement in a class action case, *Raymond v. Rowland*, filed in the United States District Court, District of Connecticut. The Court preliminarily approved the agreement on _____, 2007. There will be a hearing at which class members may object to the agreement.

Plaintiff class members include all people with disabilities who are or will be eligible for subsistence benefits through AABD, TFA, SAGA, Food Stamps or Medicaid programs, who require reasonable accommodations to obtain and maintain essential services and benefits from the Connecticut Department of Social Services (DSS), and who have been denied reasonable accommodations through DSS' failure to implement appropriate system-wide procedures and regulations for addressing accommodations, including, among other things, grievance, notice, and recordkeeping procedures. The case was originally brought against the Governor and the Commissioner of DSS as defendants; the settlement agreement dismisses the Governor and will be between DSS and the plaintiff class.

The beginning of this notice explains the background of the case. It provides information about the hearing to consider the settlement agreement and how you may participate if you choose to. This is followed by information regarding the contents of the settlement agreement.

**Background:** This lawsuit was brought in January 2003, in response to DSS closing several offices around the state and laying off staff in those offices. The Court approved the class and all class members are represented by plaintiffs' counsel.

The claims this settlement seeks to resolve are that DSS violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by:
- not making accommodations for people with disabilities to allow them meaningful access to DSS programs; and
- not having a grievance system for people with disabilities to complain and get redress when they were not treated fairly because of a disability.

The complaint also claimed DSS violated due process by not correctly informing applicants and recipients about program rules allowing exceptions to work requirements.

Attorneys for the plaintiffs, with assistance from disability experts, attempted to reach the best agreement possible. The agreement provides potential assistance to class members and a right to file an appeal or grievance if assistance is not provided when needed. Class members will not be able file another lawsuit in federal court covering issues addressed in this case for six years after the agreement is approved.

Many class members may not be aware of the lawsuit. If you have questions about the agreement, information is provided below so you can contact an attorney for the class.

**Fairness hearing:** The Court is holding a "fairness" hearing to consider whether the settlement agreement is fair, reasonable and adequate. It is scheduled for _____, 2007 at _____ am/pm before Judge Mark R. Kravitz, Courtroom ____, United States District Court, 141 Church Street, New

Haven, Connecticut 06510. Class members do not have to attend the hearing, but may attend and comment on or object to the settlement agreement.

**Procedure to comment on or object to the settlement agreement at the fairness hearing:** Anyone may come to the fairness hearing. To comment on or object to the agreement, you must do the following:

1. On or before _____, 2007, file a written "Notice of Intent to Comment" with the Court. Your "Notice" must identify the case, *Raymond v. Rowland*, Civ. Action No. 3:03CV0118 (MRK), include your name and address, and briefly indicate your comment and the basis for your comment.
2. The original of your "Notice" must be mailed or delivered to: Clerk, United States District Court, 141 Church Street, New Haven, Connecticut 06510.
3. Copies of your "Notice" must be mailed or delivered to all of the following:

Plaintiffs' Counsel:
- Shirley Bergert, Connecticut Legal Services, Inc., 872 Main St., PO Box 258, Willimantic, CT 06226
- Greg Bass, Lucy Potter and Maria Morelli-Wolfe, Greater Hartford Legal Aid, 999 Asylum Avenue, 3rd Floor Hartford, CT 06105
- Joanne Gibau, New Haven Legal Assistance Assoc., 426 State St., New Haven, CT 06510-2018

Defendants' Counsel: Hugh Barber and Richard Lynch, Office of the Attorney General, 55 Elm St., P.O. Box 120, Hartford, CT 06141-0120

**Additional information:** If you want a copy of the settlement agreement or have questions, contact one of the following attorneys who represent the plaintiff class:
- If you live in Hartford County, except New Britain, contact Greg Bass, Lucy Potter or Maria Morelli-Wolfe, 860-541-5000.
- If you live in New Haven County, contact Joanne Gibau, 203-946-4811, ext. 142.
- If you live in any other location in the state, contact Shirley Bergert, 1-800-413-7796 ext. 115.

The proposed settlement agreement is posted on the Department of Social Services website:

---

**Terms of the Settlement Agreement:** The following is a summary of the agreement:

**DSS regulations:** DSS adopted regulations, which, among other things, require DSS to:
- afford accommodations to people with disabilities by helping complete applications and obtain medical documentation, or offering other assistance needed in the eligibility processes.
- notify people with disabilities of a right to reasonable accommodations when needed at application and redetermination, with notice of a denial or reduction of benefits, and whenever it becomes apparent an accommodation may be needed to allow an individual with a disability an equal opportunity to participate in DSS programs;
- afford people with disabilities an opportunity to request and exercise a right to reasonable accommodations;
- note the need for accommodations in its records and check for the existence of a disability prior to acting on a case; and
- provide a method for requesting accommodation and a review procedure when accommodations are denied, and a grievance procedure to challenge unfair treatment based on disability.

**Staff training and supervision:** DSS provides its staff with training in recognizing disabilities, providing accommodations when needed and implementing DSS regulations protecting people with disabilities. DSS conducts annual reviews of staff regarding policies and practices related to accommodation of people with disabilities.

**DSS notice:** Waiting room posters and application, redetermination and medical documentation forms indicate the availability of assistance to people who need it because of disability. When apparent that an accommodation may be needed to allow an individual with a disability an equal opportunity to participate in a program, workers must notify the individual of a right to additional assistance. Within three months of the agreement approval, DSS will assign an employee to oversee revision of client forms and notices to improve comprehension by clients.

**Computer modifications:** DSS will modify its computer system to prominently indicate when an individual is disabled and needs accommodations, note the accommodations needed, and track their provision. Computer alerts to DSS workers will indicate the need for accommodations when this requires oral notice, and notify workers to ascertain whether additional assistance in the eligibility processes may be needed by a disabled individual prior to discontinuance of benefits. Computer modifications are expected to be completed within eighteen months of agreement approval.

**Protections for disabled Temporary Family Assistance (TFA) recipients:** Prior to sanctioning for noncompliance with program rules, TFA recipients will be notified in writing of the availability of accommodations if they have a disability, and screening for disabilities that may impede the ability to comply with program requirements. DSS will provide instruction to workers to modify the computer system shared with the Connecticut Department of Labor to record identified disabilities and needed accommodations. DSS will improve its internal screening tool for identification of disabilities. For at least three years after the agreement approval, DSS will provide a program to refer recipients having difficulty complying with program rules for screening, assessment and case management, to remove barriers, or document eligibility for an exemption from program requirements.

**Office physical changes:** DSS will make improvements to its offices to make them more welcoming and easier to use, and to protect privacy, including signage, entrances and exits, floor surfaces, triage, reception and waiting areas, rest rooms, and interview and hearing rooms.

**Improved systems:** DSS will implement an improved telephone system to provide automated answers to common questions, with protections ensuring client confidentiality. DSS will improve its document management systems.

**Additional staff:** DSS will add staff to allow it to accomplish what it has agreed to do, including staff to conduct screening for mental health conditions, substance use disorders and learning disabilities for TFA recipients at risk of sanctioning.

**Attorneys' fees and costs:** DSS will pay plaintiffs' counsel $35,000 towards attorneys' fees and the cost of the litigation.

**Length of the settlement agreement:** The settlement agreement will be effective for six years following approval by the Court.

## If You Have a Disability:
## Important Information About A Court Settlement

This information is for members of the "class" in a case called <u>Raymond v. Rowland</u>, a "class action." The federal Court ruled the class -- people affected by this lawsuit -- includes all people with physical or mental disabilities who get benefits from the Connecticut Department of Social Services (DSS) now or in the future. In 2003 Ms. Raymond and others filed this lawsuit to improve the way DSS helps people with disabilities. DSS and the class reached an agreement. The agreement will end the lawsuit if the Court approves it.

The case was brought to change the way DSS operates -- *not to get money damages for class members.*

**Here is a summary of the changes DSS and the class agreed to.** A "notice" is available to tell you more detail about the agreement. It also explains how you can tell the Court if you object.

►DSS workers will provide extra help for people who need it because of disability when applying or recertifying for benefits. DSS must also tell you that you can ask for this help.
►DSS will have a grievance or complaint process for people with disabilities who believe they were treated unfairly because of their disability.
►DSS will change its offices to make them more welcoming and easier to use.
►DSS is changing its procedures, written notices and phone and computer systems to help people with disabilities.
►DSS is training its staff about people with disabilities and their rights.
►DSS will hire staff to make these changes happen.

**There will be a hearing on _____ before Judge Mark Kravitz. It will be at the United States District Court, 141 Church Street, New Haven, Connecticut 06510. At the hearing, the Court will consider the settlement agreement. Class members can object to the settlement agreement at the hearing. <u>You do not have to go to the hearing or do anything else if you do not want to object to the settlement.</u>**

[INSERT IF COPIES OF NOTICE ARE NOT PROVIDED WITH POSTER: For more information, ask the receptionist for a copy of the <u>Raymond v. Rowland</u> "notice."]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI RAYMOND, *et al.*<br>Individually and on behalf of all<br>other persons similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHN ROWLAND, in his official<br>capacity as Governor of the State of<br>Connecticut, and<br><br>PATRICIA WILSON-COKER, in her<br>official capacity as Commissioner<br>of the State of Connecticut Department of<br>Social Services,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>3:03CV0118 (MRK)<br><br><br><br><br><br><br><br>(CLASS ACTION) |

# ORDER

WHEREAS the parties in this matter have reached an agreement to settle this lawsuit, subject to approval of the Court pursuant to Fed. R. Civ. P. 23(e), the Court has read and considered the Settlement Agreement signed by the parties and setting forth the terms and conditions of the proposed settlement, attached as Exhibit A to their "Joint Motion for Preliminary Approval of Settlement Agreement and Class Notice, to Set a Date for a Final Fairness Hearing and Final Settlement Approval" and the parties to the Settlement Agreement have consented to the entry of this Order,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The terms of the Settlement Agreement are preliminarily approved. The Court will hold a final fairness hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2007, at _____, in Room _____ in the Federal District Courthouse in New Haven, Connecticut, to determine whether the terms of the Settlement Agreement are fair, reasonable and adequate and should be approved by the Court, and to rule on such other matters as the Court deems appropriate.

2. The Court approves, as to form and content, conformed to include information regarding the final fairness hearing, the proposed notice attached as Exhibit B and the poster attached as Exhibit C to the "Joint Motion for Preliminary Approval of Settlement Agreement and Class Notice, to Set a Date for a Final Fairness Hearing and Final Settlement Approval."

3. By July 25, 2007, the Department of Social Services shall mail a copy of the notice to:

   a. Pending applicants and recipients of the State Supplement to the Aged, Blind and Disabled (AABD) and State Administered General Assistance (SAGA) cash assistance programs;

   b. Pending applicants of the Temporary Family Assistance (TFA) program and recipients of TFA who are exempt from work requirements based on incapacity or have received at least 18 months of time-limited assistance;

   c. Recipients of benefits in the Food Stamp program who are exempt from

        work requirements based on disability;

    d.    Pending applicants and recipients of the following Medicaid programs: Community Aged, Blind and Disabled, including persons in a spend-down period who have not met the spend-down; Long Term Care; and Medicaid/Medicare Savings programs; and

    e.    Pending applicants and recipients of the AABD, SAGA, TFA, Food Stamp and Medicaid programs with an impairment coding indicating disability.

Pending applicants to whom notice shall be provided are those in the DSS computer system at the time DSS extracts the list of notice recipients from such system, approximately two weeks prior to completion of notice mailing. Persons identified in the DSS computer system as preferring Spanish shall be provided with the notice in Spanish; all others will be provided with the notice in English.

4.    By July 25, 2007, copies of the notice in English and Spanish and a copy of the Settlement Agreement shall be posted prominently on the DSS website and shall remain on such website until the date of the final fairness hearing set by this Court. A request for an equivalent posting on the Connecticut Department of Labor website shall be made to the Commissioner of the Connecticut Department of Labor by Defendant DSS Commissioner.

5.    For the period of July 15, 2007 until the date of the hearing set by this Court, bilingual posters of at least 11" by 17", translated, printed and distributed by Defendant DSS Commissioner, shall be prominently displayed in the waiting

rooms of all DSS offices. Defendant DSS Commissioner shall make copies of the notice in English and Spanish available either next to the poster or nearby. Defendant DSS Commissioner shall provide copies of the bilingual posters and notice to all Community Action Agencies and Department of Labor employment service sites with a request that the posters be prominently displayed in public areas and the notices be made readily available to the public from July 15, 2007 until the date of the final fairness hearing set by this Court.

6. The Court finds that distribution of the notice and posters in accordance with paragraphs 3 through 5 is reasonable and constitutes due and sufficient notice to the class.

7. Any class member or his/her authorized representatives may appear at the final fairness hearing to show cause why the proposed Settlement Agreement should not be approved as fair, reasonable and adequate, provided he or she submits a written notice of objection, sent by first class mail to Clerk, United States District Court, District of Connecticut, 141 Church Street, New Haven, Connecticut 06510, and postmarked no later than _____, 2007, 14 days prior to the final fairness hearing, as provided in the notice to class members. Any class member who does not make his/her objection as provided herein shall be deemed to have waived such objection and shall forever be foreclosed from being heard at the final fairness hearing to make objection to the fairness, reasonableness or adequacy of the Settlement Agreement, unless otherwise ordered by the Court.

8. The parties may submit additional materials in support of the final approval of the Settlement Agreement at least seven days prior to the final fairness hearing.

9. The Court may continue or adjourn the date and time of the final fairness hearing without further notice to the class.

10. The Court may approve and enter the Settlement Agreement, with or without modifications, without further notice to the class.

Dated and entered this _____ day of _____, 2007.

_____
MARK R. KRAVITZ, Judge