UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI RAYMOND, et al. : | |
| Individually And on behalf of all : | |
| Other persons similarly situated, : | CIVIL ACTION NO. |
| : | 3:03CV0118 (MRK) |
| *Plaintiffs* : | |
| : | |
| v. : | |
| : | |
| JOHN ROWLAND, in his official : | |
| Capacity as Commissioner of the State of : | |
| Connecticut, and : | |
| : | |
| PATRICIA WILSON-COKER, in her : | |
| official capacity as Commissioner of : | |
| the State of Connecticut, : | |
| Department of Social Services, : | |
| : | |
| *Defendants.* | SEPTEMBER 12, 2007 |

**<u>Defendant's Uncontested Motion to Substitute Exhibit One as an Attachment to the Settlement Agreement</u>**

In accordance with the colloquy in open-court, the defendant moves to substitute the attached Exhibit 1 for the Exhibit 1 that was attached to the Settlement Agreement. Substitution of exhibits in required for the sole purpose of correcting a scrivener's error in Section UPM 1005.10 B.12 of Exhibit 1 where subparts a. and b. are, erroneously, identical. The motion is to substitute exhibits in order to the correct language in UPM 1005.10B.12.b. No other changes are made.

Exhibit 1 is attached pursuant to Paragraph 13n of the Settlement Agreement and identifies certain amendments to existing Uniform Policy Manual regulations that are required under the terms of the Settlement Agreement, with the intended amendments shown by brackets, for deletions, and by underlines, for additions. The parties acknowledge that there are other

sections of the Department's Uniform Policy Manual regulations that are pertinent to this Settlement Agreement, such as the definitions in UPM 1000.01, which are not part of Exhibit 1 because no amendments to that section are contemplated.

Counsel for plaintiffs have indicated their consent to this motion.

Respectfully submitted

COMMISSION
DEPARTMENT OF SOCIAL
DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Hugh Barber
Assistant Attorney General
Juris No. ct05731
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
(860) 808-5210
(860) 808-5385 (fax)
hugh.barber@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing **Defendant's Uncontested Motion to Substitute Exhibit One as an Attachment to the Settlement Agreement** was mailed, first class postage prepaid, this 17th day of September, 2007 to:

Shirley Bergert, Esquire
Public Benefits Task Force Director
Federal Bar No. ct09328
Connecticut Legal Services, Inc.
872 Main St., PO Box 258
Willimantic, CT 06226
(860) 456-1761 x.115
(860) 456-7420 (fax)
sbergert@connlegalservices.org

Greg Bass, Litigation Director
Federal Bar No. ct18114
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd Floor
Hartford, CT 06105
(860) 541-5018
(860) 541-5050 (fax)
gbass@ghla.org

Lucy Potter Esquire
Federal Bar No. ct23449
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd Floor
Hartford, CT 06105
(860) 541-5002
(860) 541-505 (fax)
lpotter@ghla.org

Joanne Gibau, Esquire
Federal Bar No. ct05730
New Haven Legal Assistance Association
426 State Street
New Haven, CT 06510-2018
(203) 946-4811
(203) 498-9271 (fax)
jgibau@nhlegal.org

Maria Morelli-Wolfe, Esquire
Federal Bar No. 2317
Greater Hartford Legal Aid
999 Asylum Avenue, 3rd Floor
Hartford, CT 06105
(860) 541-5042
(860) 541-5050 (fax)
mmorelliwolfe@ghla.org

_____
Hugh Barber
Assistant Attorney General

CONNECTICUT DEPARTMENT OF SOCIAL SERVICES
UNIFORM POLICY MANUAL

| Date: 2-1-06 | Transmittal: UP-06-04 | 1005.10 |
|---|---|---|

| Section: Rights and Responsibilities | Type: POLICY |
|---|---|

| Chapter: Rights of Applicants and Recipients | Program: ALL PROGRAMS |
|---|---|

**Subject:**
Right to Fair Treatment

1005.10   A.   <u>General Principle</u>

    1. The assistance unit has the right to be treated fairly by the Department regardless of the unit's race, color, religious creed, sex, marital status, age, national origin, ancestry, criminal record, political beliefs, sexual orientation, mental retardation, mental disability, physical disability or learning disability.

    2. The Department shall notify the assistance unit of its right to non-discrimination, of the availability of accommodations for individuals with a disability, and the complaint procedure on its application and redetermination of eligibility forms and on each notice of action affecting eligibility for, or the amount of, benefits. The Department shall also provide oral notice at face-to-face intake and redetermination interviews.

  B   <u>Right to Reasonable Accommodation for Assistance Units</u>

    1. An individual with a disability has a right to receive a reasonable accommodation from the Department when a reasonable accommodation is necessary to allow the individual to have an equally effective and meaningful opportunity to participate in, and benefit from, programs administered by the Department, if the individual is has a disability, or is regarded by the worker or the Department as having a disability, and a modification in the Department's policies, practices or procedures is required in order to allow the individual to participate. Accommodations may be appropriate at any point of interaction between the individual and the Department. Any accommodation must be reasonable and not cause a fundamental alteration in the program or cause undue administrative or fiscal burden on the Department. Reasonable accommodations do not include waivers of essential factors of eligibility.

    2. When an accommodation is required, the accommodation that is provided is determined by the Department through an interactive process on a case by case basis that involves both the client and the Department. The Department takes into account both the wishes of the client and the availability of any less burdensome, alternative accommodations that would allow the client to participate in activities, program or services.

*Exhibit 1*

CONNECTICUT DEPARTMENT OF SOCIAL SERVICES
UNIFORM POLICY MANUAL

| Date: 2-1-06 | Transmittal: UP-06-04 | 1005.10 page 2 |
|---|---|---|

| Section: Rights and Responsibilities | Type: POLICY |
|---|---|

| Chapter: Rights of Applicants and Recipients | Program: ALL PROGRAMS |
|---|---|

Subject:
  Right to Fair Treatment

1005.10  B.  <u>Right to a Reasonable Accommodation for Assistance Units (continued)</u>

  3.  The following are not considered a reasonable accommodation as they constitute a fundamental alteration to the Department's programs:

      a.  Waiving the requirement that an applicant for benefits based on disability provide medical documentation to substantiate that he or she meets a program's disability criteria.

      b.  Waiving the requirement that verification of income or assets be provided in order to qualify for programs that require such verification.

  4.  If the Department determines that an individual who is applying for assistance has a disability that requires that the Department provide an accommodation of assistance in obtaining the required medical verifications, the Department shall offer to provide such assistance as a reasonable accommodation that includes, but is not limited to, writing to the medical provider to obtain existing documentation of the disability, provided:

      a.  the client cannot obtain the required verification himself or herself as a result of his or her disability and;

      b.  there is no authorized representative or other person identified by the client willing and able to act on behalf of the client.

  5.  The Department shall inform the assistance unit in writing or orally that reasonable accommodations are available if a member of the assistance unit has a disability and an accommodation is required in order to allow the individual an equally effective and meaningful opportunity to participate in activities, services or programs provided by the Department

CONNECTICUT DEPARTMENT OF SOCIAL SERVICES
UNIFORM POLICY MANUAL

| | | |
|---|---|---|
| Date: 8-1-07 | Transmittal: UP-07- | 1005.10 page 3 |

**Section:**
Rights and Responsibilities

**Type:**
POLICY

**Chapter:**
Rights of Applicants and Recipients

**Program:** ALL PROGRAMS

**Subject:**
Right to Fair Treatment

1005.10  B.  Right to a Reasonable Accommodation for Assistance Units (continued)

6. In addition to providing notice of availability of accommodations at the time of application, redetermination and notice of action, the Department shall inform assistance units of the availability of reasonable accommodations whenever it becomes apparent to the worker or the Department that an individual with a disability may need a reasonable accommodation in order to allow the individual an equally effective and meaningful opportunity to participate in activities, services or programs provided by the Department.

7. The Department shall review whether an accommodation is required in every case where an individual requests an accommodation, including when a client requests an accommodation after being informed of the availability of accommodations because it became apparent to the Department that the client may need an accommodation in order to participate meaningfully in Department programs, activities or services.

8. If there is no record of the individual's disability and the individual is not regarded as having a disability, then the individual has the burden of demonstrating the existence of a disability.

9. An individual with a disability must demonstrate that an accommodation is needed in order to enable the client to participate meaningfully in the Department's programs, activities or services.

10. Individuals or their representative have the option to request an accommodation, either in writing or orally, from their eligibility worker or from the agency's ADA coordinator [Department's Affirmative Action Division, ADA Coordinator].

11. Upon receipt of a request for an accommodation:

    a. the Department's eligibility worker or ADA c[C]oordinator shall inform the client of any information that the eligibility worker or ADA c[C]oordinator needs in order to make a determination on the request for an accommodation, and specify a date for the documentation to be provided and;

    b. the Department's eligibility worker shall offer assistance in obtaining existing documentation that is necessary to determine eligibility for an accommodation, if it appears likely to the worker that the client cannot obtain such documentation without assistance as a result of his or her disability and there is no authorized representative or other person identified by the client willing and able to act on behalf of the client.

CONNECTICUT DEPARTMENT OF SOCIAL SERVICES
UNIFORM POLICY MANUAL

| Date: 8-1-07 | Transmittal: UP-07- | 1005.10 page 4 |
|---|---|---|

| Section: Rights and Responsibilities | Type: POLICY |
|---|---|

| Chapter: Rights of Applicants and Recipients | Program: ALL PROGRAMS |
|---|---|

**Subject:**
Right to Fair Treatment

1005.10  B.  <u>Right to a Reasonable Accommodation for Assistance Units</u> (continued)

  12. The existence of a disability is not sufficient to demonstrate the need for an accommodation when:

      a. the resulting functional limitations do not substantially interfere with the client's ability to participate in the activities, services and programs administered by the Department without an accommodation, or;

      b. <u>if an authorized representative identified by the assistance unit is available and able to perform the required tasks on behalf of the individual.</u> [the resulting functional limitations do not substantially interfere with the client's ability to participate in the activities, services and programs administered by the Department without an accommodation, or;]

  13. The need for an accommodation and the availability of an accommodation is determined by the eligibility worker. Approval of the eligibility worker's immediate supervisor or regional manager is secured when the accommodation requires agency resources beyond the eligibility worker's control, but within the control of the regional office. Accommodations that involve significantly greater administrative or fiscal burden may only be granted after consultation with the Department's <u>ADA coordinator</u> [Affirmative Action Director]. The following are examples of accommodations that are presumed to be reasonable and may be offered by the eligibility worker:

      a. maintaining a list of visually or cognitively impaired persons requesting to be called prior to the mailing of notices;

      b. waiving office interviews or conducting interviews via the telephone;

      c. extending deadlines for providing documentation related to factors of eligibility

      d. <u>requesting the assistance of</u> [assigning] a specialized worker to help complete necessary forms, gather necessary documentation. Assist with making medical appointments, or assist with collecting medical documentation in order to establish disability <u>where disability is a factor of eligibility</u>;

      e. providing <u>forms or material</u> [informational] material in Braille, tape or large print;

**CONNECTICUT DEPARTMENT OF SOCIAL SERVICES**
**UNIFORM POLICY MANUAL**

| Date: 8-1-07 | Transmittal: UP-07- | 1005.10 page 5 |
|---|---|---|

| Section: Rights and Responsibilities | Type: POLICY |
|---|---|

| Chapter: Rights of Applicants and Recipients | Program: ALL PROGRAMS |
|---|---|

**Subject:**
Right to Fair Treatment

1005.10  B.  13.  Right to a Reasonable Accommodation for Assistance Units (continued)

  f. requesting the assignment of a social worker to conduct [conducting] a home visit to explain notices or explain or help complete forms and review and receive documentation.

 14. Home visits are necessary if a face-to-face interview is required as part of the eligibility process and cannot be waived, the assistance unit cannot come to the Regional Office or sub-office because of a disability, and there is no authorized representative available to attend the interview.

 15. The eligibility worker shall document each request for an accommodation in the client's case file, and shall indicate the result thereof in the file (including when the accommodation is granted or denied by the ADA c[C]oordinator). If the accommodation is granted, the worker shall record the nature of the accommodation in the assistance unit's case record in a manner that Department staff will easily recognize and utilize when contacting the assistance unit. The worker shall also record the reason for denial in the client's file, if the request for accommodation is not granted.

 16. When an accommodation is requested, whether it is granted or not, the eligibility worker shall inform the individual that he or she may request that the ADA c[C]oordinator review the determination of the eligibility worker.

 17. Before taking any action on a case, the worker shall review whether a need for accommodation is recorded and whether the Department provided the necessary resources required to accommodate the individual.

 18. All requests for accommodation directed to the Department's ADA c[C]oordinator shall be acted upon in accordance with the Department's ADA Policy Statement for Applicants/Recipients. The ADA c[C]oordinator shall:

  a. acknowledge all requests for accommodation in writing within ten (10) working days of receipt of the request by the ADA c[C]oordinator, and shall;

  b. approve or deny all requests not later than twenty working days after the date of receipt, unless additional medical or technical information or evaluation is necessary.

**CONNECTICUT DEPARTMENT OF SOCIAL SERVICES**
**UNIFORM POLICY MANUAL**

| Date: 8-1-07 | Transmittal: UP-07- | 1005.10 page 6 |
|---|---|---|

| Section: Rights and Responsibilities | Type: POLICY |
|---|---|

| Chapter: Rights of Applicants and Recipients | Program: ALL PROGRAMS |
|---|---|

Subject:
Right to Fair Treatment

1005.10  B.  Right to a Reasonable Accommodation for Assistance Units (continued)

   19.  An individual may request that the Department's Deputy Commissioner for Administration review the determination of the Department's ADA c[C]oordinator. All requests for review by the Deputy Commissioner for Administration shall be:

      a.  in writing, and;

      b.  received by the Department's Deputy Commissioner for Administration not later than fifteen days after the date of issuance of the ADA c[C]oordinator's decision.

   20.  The determination by the Deputy Commissioner for Administration constitutes the Department's final administrative determination and is only subject to whatever external review may be available to the applicant or recipient by operation of law.

  C.  Spanish Speaking, Other Non-English Speaking, or Limited-English Proficiency (LEP) Assistance Units

   1.  If the head of an assistance unit or unit's representative is Spanish speaking, non-English speaking, or has limited-English proficiency and requests that the eligibility process be conducted in his or her primary language, the Department explains to the assistance unit that the unit has the right to an interpreter provided by the Department instead of using a family member, friend or client advocate as an interpreter.

   2.  The Department shall conduct the initial and periodic eligibility interviews and interim interviews in the language normally used by the assistance unit or assistance unit's representative, as follows:

      a.  The Department shall use a bilingual eligibility worker or any other interpreter provided by the Department;

      b.  the Department shall obtain an interpreter; or

      c.  the Department may use a family member or friend age 16 or older as an interpreter, if the assistance unit expressly requests such an arrangement.

**CONNECTICUT DEPARTMENT OF SOCIAL SERVICES**
**UNIFORM POLICY MANUAL**

| Date: 2-1-06 | Transmittal: UP-06-04 | 1005.10 page 7 |

**Section:**
　Rights and Responsibilities

**Type:**
　POLICY

**Chapter:**
　Rights of Applicants and Recipients

**Program:** ALL PROGRAMS

**Subject:**
　Right to Fair Treatment

1005.10   C.   Spanish Speaking, Other Non-English Speaking, or Limited-English Proficiency (LEP) Assistance Units (continued)

3. For Spanish speaking assistance units, the Department shall use applications, redeterminations, and interim activity forms and notices written in Spanish during the eligibility process or at time of interim contact.

4. The Department shall require that the interpreter sign all forms which the head of the assistance unit or the assistance unit's representative signs to acknowledge that he or she has informed the unit in the unit's primary language.

5. Upon request, the Department shall provide an interpreter for any Spanish speaking, non-English speaking, or limited-English proficiency assistance unit when such services are necessary for communicating with the unit.

6. An assistance unit speaking Spanish has the right to receive application forms and notices in Spanish.

7. The services of the interpreter are used at the time of each contact with the assistance unit during the eligibility determination process and during any interim case actions.

8. The Department uses any employee of the Department or an interpreter from outside the Department to the extent that such services are available.

9. The Department uses family members, friends or client advocates of Spanish speaking, non-English speaking, or limited-English proficiency (LEP) assistance units as interpreters only when assistance unit expressly requests such an arrangement.

10. Department reserves the right to provide its own interpreter to assist with communication, if the Department determines that the interpreter provided by the assistance unit is not accurately transmitting information between the Department and the assistance unit.

11. Children under age 16 are not permitted to act as interpreters for the assistance unit.

12. The Department does not require a Spanish speaking, non-English speaking, or limited-English proficiency (LEP) assistance unit to pay for the services of any interpreter used by the Department